OPINION
{¶ 1} Defendant-appellant, Randy L. Thacker, appeals from the May 27, 2003 judgment of the Franklin County Court of Common Pleas sentencing defendant to 29 years in prison. For the following reasons, we reverse the judgment of the trial court and remand this cause for the limited purpose of resentencing.
 {¶ 2} On July 19, 2002, defendant was indicted by the Franklin County Grand Jury on 44 counts, including multiple counts of aggravated robbery and kidnapping, in violation of R.C.2911.01 and 2905.01, each felonies of the first degree. Each charge contained firearm specifications. On March 31, 2003, defendant pled guilty to three counts of aggravated robbery with firearm specifications and two counts of aggravated robbery without specifications. Upon recommendation of the state, the trial court entered a nolle prosequi as to the remaining 39 counts contained in the indictment against defendant. The parties did not recommend a sentence. The trial court sentenced defendant to four years for each of the five counts of aggravated robbery,[1] to be served consecutively with each other and consecutive with the three three-year firearm specifications. Thus, defendant was sentenced to a total of 29 years in prison.
 {¶ 3} Defendant appeals from this judgment and assigns the following error:
Appellant's due process rights under the State and Federal Constitutions were violated when the trial court gave more than the minimum sentence, and gave consecutive sentences, neither of which were not [sic] supported by the record, and failed to adequately state the reasons for said sentences on the record pursuant to Ohio Revised Code § 2929.14(B)(E)(4), and §2929.19(B)(2)(c).
 {¶ 4} At issue in this case is whether the trial court sentenced defendant in accordance with the applicable statutory provisions.[2]
 {¶ 5} Defendant argues that the trial court failed to comply with R.C. 2929.14(E)(4) when it imposed consecutive sentences in this case. A trial court that imposes consecutive sentences must comply with the requirements of R.C. 2929.14(E)(4), which, at the time of the offenses, provided as follows:
If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
 {¶ 6} Furthermore, a trial court that imposes a consecutive sentence must also comply with R.C. 2929.19(B)(2), which states, in pertinent part, as follows:
The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
* * *
(c) If it imposes consecutive sentences under section 2929.14
of the Revised Code, its reasons for imposing the consecutive sentences[.]
 {¶ 7} Regarding consecutive sentences, the Supreme Court of Ohio has stated:
While consecutive sentences are permissible under the law, a trial court must clearly align each rationale with the specific finding to support its decision to impose consecutive sentences. These findings and reasons must be articulated by the trial court so an appellate court can conduct a meaningful review of the sentencing decision.
State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, at ¶ 21, citing Griffin Katz, Ohio Felony Sentencing Law (2002) 458-459, Section 1.21. By implication, "mak[ing] a finding that gives its reasons" requires the trial court to make the preliminary findings required under R.C. 2929.14(E)(4). State v. Edmonson
(1999), 86 Ohio St.3d 324. "Without the finding itself, the court also fails to provide the necessary `finding that gives its reasons.'" Id.
 {¶ 8} Defendant argues that the trial court failed to find "that the consecutive sentences were not disproportionate to the seriousness of the offender's conduct and to the danger Appellant might pose to the public." (Defendant's brief, at 5.) Plaintiff argues that the trial court found that consecutive sentences were not disproportionate to the seriousness of defendant's conduct when it stated, "`* * * the harm or the unusual circumstances in this case, mainly the multiple offenses, indicates in my mind that a single term does not adequately reflect the seriousness of the conduct.'" (Plaintiff's brief, at 4, citing Tr. 4.) For the following reasons, we agree with defendant and conclude that the trial court failed to make all the statutorily mandated findings required under former R.C. 2929.14(E)(4) when it imposed consecutive sentences in this case.
 {¶ 9} Under the terms of former R.C. 2929.14(E)(4), as well as amended R.C. 2929.14(E)(4), if the trial court imposes consecutive sentences, it must find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." (Emphasis added.) The trial court must make both of these findings relating to proportionality. See State v. Wolford,
Franklin App. No. 02AP-552, 2002-Ohio-6964 (finding that the trial court failed to comply with R.C. 2929.14(E)(4) when it did not find that consecutive sentences were not disproportionate to the danger the offender poses to the public, even though the trial court noted that the sentence "is not disproportionate to the seriousness of the offenses"). Therefore, even assuming that the trial court found that the consecutive sentences were not disproportionate to the seriousness of defendant's conduct, the trial court did not, on the record, find that the consecutive sentences were not disproportionate to the danger posed by defendant. Moreover, we reach this conclusion even though the trial court clearly found that the consecutive sentences were necessary to protect the public. See State v. Ali, Cuyahoga App. No. 82076, 2004-Ohio-1782 ("Although the trial court did find that the consecutive sentence was necessary to protect the public, it failed to state the sentence was not disproportional to the danger [the defendant] posed."). Thus, the trial court did not comply with former R.C. 2929.14(E)(4) when it imposed consecutive sentences in this case.
 {¶ 10} By his sole assignment of error, defendant has also argued that the trial court failed to comply with former R.C.2929.14(B) when it imposed a non-minimum sentence for each count of aggravated robbery. Pursuant to former R.C. 2929.14(B), in order for a sentencing court to impose more than a minimum sentence for an individual that has not served a prison term,[3] the court must "[find] on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." "[T]he record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence."Edmonson,
supra, at 326. Furthermore, "R.C. 2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence. * * * [T]he court must note that it engaged in the analysis and that it varied from the minimum for at least one of the two sanctioned reasons." (Emphasis sic.) Id.
 {¶ 11} Defendant contends that "the trial court did not state on the record that the shortest prison term would demean the seriousness of Appellant's conduct or would not adequately protect the public from future crime by Appellant." (Defendant's brief, at 4.)
 {¶ 12} Plaintiff argues that the trial court complied with former R.C. 2929.14(B) when the court found that defendant's actions in this case were "the worst form of the offense" because "[a] finding that justifies a maximum sentence as the worst form of the offense necessarily includes within it a finding that a minimum sentence would demean the seriousness of the offense."[4] (Plaintiff's brief, at 3.)
 {¶ 13} While the trial court arguably complied with former R.C. 2929.14(B) when it imposed non-minimum sentences on a defendant that previously has not been imprisoned, because this matter must be returned to the trial court for resentencing, the trial court will have the opportunity at that time to clarify its findings under the applicable versions of both R.C. 2929.14(B) and (E)(4). Therefore, we decline to make a determination regarding the trial court's alleged non-compliance with former R.C. 2929.14(B).
 {¶ 14} Based on the foregoing, we sustain defendant's sole assignment of error. The trial court failed to comply with former R.C. 2929.14(E)(4) when it sentenced defendant to 29 years in prison. Therefore, the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded for the limited purpose of resentencing in accordance with law and consistent with this opinion.
Judgment reversed and cause remanded for resentencing.
Bowman and Bryant, JJ., concur.
[1] These sentences were longer than the shortest prison term authorized by law.
[2] We observe that defendant has not challenged his underlying convictions.
[3] The record indicates that, prior to this case, defendant had never served a prison term.
[4] The Supreme Court of Ohio in State v. Evans,102 Ohio St.3d 240, 2004-Ohio-2659, syllabus, held that "R.C. 2929.14(B) is inapplicable where a maximum sentence is imposed for a single offense, provided that the record reflects that the court based the sentence upon at least one R.C. 2929.14(C) criterion." We observe that, in the case at bar, the trial court did not impose a maximum sentence, thus making R.C. 2929.14(C) inapplicable.