OPINION
{¶ 1} On January 10, 2002, appellant was charged under a multi-count indictment arising out of an incident in which he and a co-defendant, Jack McCague, robbed a Dairy Mart store in Reynoldsburg, Ohio. Following a jury trial in the Franklin County Court of Common Pleas, appellant was found guilty of three counts of aggravated robbery, four counts of robbery, and two counts of kidnapping. The trial court separately found appellant guilty of having a weapon while under disability. The trial court sentenced appellant to serve an aggregate term of 30 years.
 {¶ 2} Appellant filed a notice of appeal from the judgment of conviction and sentence, asserting that the evidence was insufficient to sustain the convictions, that the convictions were not supported by the manifest weight of the evidence, and that the trial court erred in imposing consecutive sentences contrary to R.C. 2929.14(E)(4), as well as arguing that the offenses were allied offenses of similar import and, for that separate reason, consecutive sentences should not have been imposed. In State v. Battle, Franklin App. No. 03AP-39, 2003-Ohio-4687, this court affirmed appellant's convictions but remanded the matter for re-sentencing upon a finding that the trial court had failed to state its reasons on the record for imposing consecutive sentences pursuant to R.C. 2929.14(E)(4) and 2929.19(B)(2)(c).
 {¶ 3} During a re-sentencing hearing held November 21, 2003, the trial court imposed the same sentence. As required by R.C. 2929.19(B)(2)(c), the trial court provided the following reasonings for imposing consecutive sentences, in pertinent part, as follows:
THE COURT: I have read the Court of Appeals decision and it says that the trial court failed to state its reasons on the record for imposing the consecutive sentences. This is pursuant to 2929.14(E) * * * [.] I'm required to make statutorily enumerated findings and reasons for supporting those findings at the sentencing hearing. * * *
First of all, I'm going to reimpose exactly the same sentence I did before. 2929.14(E) consecutive prison terms required. Now, in my book it says any gun spec falls into that category and supports consecutive prison sentences. * * *
* * *
* * * So it seems to me and that's the reason I'm surprised in the first place that that should support 2929.14(E) with the gun specifications. There are other sections 2929.14(E)(4) where consecutive prison terms are optional. And it says, if necessary, to protect or punish is not proportionate to the offense and I find that the crime was committed while awaiting trial or sentencing, harm was so great or unusual to, a single term does not adequately reflect the seriousness of the conduct or the offender's criminal history shows that consecutive terms are needed to protect the public.
First of all, I think anything other than consecutive sentences would diminish the importance or the gravity of this crime. This is a case in which the Defendant went into a Dairy Mart armed with a firearm. He completed an aggravated robbery of the store. He also completed an aggravated robbery of one of the people in the store of his own personal property. He took the workers in the back room, threatened to kill them if they didn't open the safe. They indicated to him many times that they did not have the ability to open the safe, they didn't have the combination, et cetera. That fact notwithstanding, he hit, kicked; knocked down and physically beat up the employees in the process.
So I think this is the worst form of the offense of aggravated robbery. Any more serious conduct than aggravated robbery would have resulted in perhaps a murder. He also stated to one of the store keepers while he had the gun pointed at the store keeper he yelled I'm going to kill and he threatened to kill the clerk if he didn't open the safe. So I think the gravity of the facts are sufficient to indicate that the harm was so great or unusual that a single term does not adequately reflect the seriousness of the conduct.
The other factor is the — to be considered under 2929.14(E)(4) is his prior record. And I'll go over that briefly. He has an aggravated robbery prior conviction. * * * He was given 7 to 25 years for that. Apparently he had a complicity with aggravated robbery in '83. He was sentenced to robbery in another case in 2001. * * * He does have substantial contact with the law in the past. Then he has the present case which was June 2002. So it's his second aggravated robbery. He also has a parole violation in May of 1995. Suffice it to say that he's had substantial contact with the law.
So I think that his criminal history shows that consecutive terms are needed to protect the public. I don't think I need to go into a long dissertation about needing to protect the public in an aggravated robbery where a gun is used to threaten to kill people and also used to pistol-whip people.
So I'm going to impose the exact same sentence I did the last time. I have stated the reasons on the record for imposing consecutive sentences. One is required with a gun spec under 2929.14(E). The other optional ones, he meets two of the three criteria so I think that it is appropriate for consecutive sentence and that will be all.
(Tr. 4-7.)
 {¶ 4} Thereafter, by re-sentencing entry journalized December 8, 2003, appellant was again sentenced to an aggregate term of 30 years.
 {¶ 5} Appellant has appealed from the trial court's re-sentencing entry and asserts the following two assignments of error for this court's consideration:
I. The trial court erred by imposing consecutive sentences upon defendant-appellant which exceeded the maximum term of defendant-appellant's most serious conviction under R.C. 2953.08(C).
II. The trial court erred by imposing consecutive sentences upon defendant-appellant in contravention of R.C. 2929.14(E)(4).
 {¶ 6} Inasmuch as appellant's second assignment of error is dispositive of this appeal, we will address it first. Appellant contends the trial court has again erred by imposing consecutive sentences in contravention of R.C. 2929.14(E)(4).
 {¶ 7} We note initially that a trial court has broad discretion when sentencing within the statutory limits provided. See this court's decision in State v. Haines (Oct. 29, 1998), Franklin App. No. 98AP-195. A reviewing court may not disturb a sentence imposed by a trial court unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. Id.
 {¶ 8} Pursuant to R.C. 2929.14(E)(4), the trial court may impose consecutive sentences for conviction of multiple offenses, as follows:
* * * [I]f the court finds that the consecutive service [sic] is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17 or 2929.18
of the Revised Code, or was under postrelease control for a prior offense.
(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
When consecutive prison terms are imposed, the term to be served is the aggregate of all of the terms so imposed.
 {¶ 9} Furthermore, when a trial court imposes consecutive sentences under R.C. 2929.14, the court must also comply with R.C. 2929.19(B)(2)(c), which requires that the sentencing court make findings that give the reasons for selecting the sentences imposed. The requirement that a court give its reasons for selecting consecutive sentences is separate and distinct from the duty to state its findings required by R.C.2929.14(E)(4). After the court has made the required findings under R.C.2929.14, it must then justify those findings by identifying specific reasons supporting the imposition of consecutive prison terms. See Statev. Hurst (Mar. 7, 2000), Franklin App. No. 98AP-1549.
 {¶ 10} As stated previously, a trial court's sentence will not be disturbed unless there is clear and convincing evidence that the sentence is contrary to law. R.C. 2953.08; State v. Stern (Mar. 24, 2000), Hamilton App. No. C-990216. Clear and convincing evidence must produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. State v. Bay (Aug. 20, 2001), Clermont App. No. CA2000-11-090. In applying this standard of review, we neither substitute our judgment for that of the trial court nor defer to the trial court's discretion. Rather, we look to the record to determine whether the sentencing court: (1) considered the statutory factors; (2) made the required finding; (3) relied upon substantial evidence in the record supporting those findings; and (4) properly applied the statutory guidelines. See State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165.
 {¶ 11} In order to impose consecutive defenses for multiple offenses, under R.C. 2929.14(E)(4), the trial court must find that such is either "necessary to protect the public from future crime or to punish the offender," and the trial court must also find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public." In determining these factors, the trial court specifically noted at page five of the sentencing transcript that failure to impose "anything other than consecutive sentences would diminish the importance or the gravity of this crime." The court then went on and described appellant's conduct; how he entered the Dairy Mart store armed with a firearm; that he committed aggravated robbery of the store and of one of the people in the store; that he took the workers into the back room and threatened to kill them if they did not open the safe; and that he kicked, knocked down and physically beat up one of the employees in the process. The trial court then went on to note that appellant had a prior record involving aggravated robbery and that he had violated the terms of his parole. Based upon the above, the trial court concluded that consecutive sentences were necessary to protect the public from future crime and to punish the appellant, and that consecutive sentences were not disproportionate to the seriousness of appellant's conduct. However, the trial court did not address whether the imposition of consecutive sentences was necessary due to the danger appellant poses to the public.
 {¶ 12} Recently, in State v. Thacker,
Franklin App. No. 03AP-653, 2004-Ohio-3828, this court specifically addressed the deficiency found in the trial court's sentence in this court: the failure to find both that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. In Thacker, as here, the trial court found that consecutive sentences were not disproportionate to the seriousness of the offender's conduct, but failed to find that they were not disproportionate to the danger the offender poses. This court concluded the trial court's failure to so find was error and remanded for resentencing, even though the trial court found in Thacker, as here, that consecutive sentences were necessary to protect the public from future crime by the offender.
 {¶ 13} Based on the foregoing, we sustain appellant's second assignment of error and appellant's first assignment of error is thereby rendered moot. The trial court failed to comply with R.C. 2929.14(E)(4) when it sentenced appellant. Therefore, the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for the limited purpose of resentencing in accordance with law and consistent with this opinion.
Judgment reversed, and cause remanded for resentencing.
Bryant and Lazarus, JJ., concur.