OPINION
{¶ 1} On August 28, 2002, defendant-appellant, Donald E. Jones, was indicted on one count of aggravated robbery and two counts of aggravated murder, all with firearm specifications, arising from an incident on July 28, 2002. Following a jury trial, defendant was found guilty, as a complicitor, of one count of aggravated robbery, one count of involuntary manslaughter, and one count of aggravated murder, all with firearm specifications. The trial court sentenced defendant to a total term of incarceration of 28 years to life. Appellant appealed his conviction and sentence. His conviction was affirmed; however, the case was remanded for resentencing. State v. Jones,
Franklin App. No. 03AP-696, 2004-Ohio-1624.
 {¶ 2} Following a resentencing hearing, the trial court again sentenced defendant to 28 years to life. More specifically, the court imposed a five-year prison term on the aggravated robbery count and a prison term of 20 years to life on the aggravated murder count with an additional three years for the use of a firearm. Pursuant to the State's election, the court imposed no sentence on the involuntary manslaughter count. The court ordered the sentences on the aggravated robbery and aggravated murder counts to run consecutive to each other. Appellant filed a timely notice of appeal and raises a single assignment of error:
I. The trial court erred to the prejudice of the appellant by improperly sentencing him to consecutive terms of actual incarceration in contravention of Ohio's sentencing statutes.
 {¶ 3} Defendant contends the trial court erred when it imposed consecutive sentences. More particularly, defendant contends the trial court failed to make the necessary findings for imposing consecutive sentences and failed to give its reasons for imposing consecutive sentences. Defendant further contends the trial court's findings are not supported by the record.
 {¶ 4} R.C. 2953.08 governs appellate review of felony sentences. A defendant has an appeal of right where the sentence is "contrary to law." R.C. 2953.08(A)(4). A sentence is "contrary to law" if the trial court: (1) failed to properly apply the felony sentencing guidelines; (2) failed to consider the appropriate statutory factors; (3) failed to make the requisite statutory findings and give reasons supporting such findings; or (4) made findings and gave reasons devoid of evidentiary support.State v. Altalla, Franklin App. No. 03AP-1127, 2004-Ohio-4226, at ¶ 7.
 {¶ 5} Generally, a sentencing court should impose concurrent prison sentences for multiple offenses. R.C. 2929.41(A). However, a court may impose consecutive sentences if it makes the requisite findings under R.C. 2929.14(E)(4), which, at the time of the offenses, provided:
If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18
of the Revised Code, or was under post-release control for a prior offense.
(b) At least two of the multiple offenses were committed as part of one or more courses of conduct and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
 {¶ 6} In addition to making the required findings, the sentencing court must also give its reasons for imposing consecutive sentences. R.C. 2929.19(B)(2)(c); State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, at ¶ 14. "Reasons are different from findings. Findings are the specific criteria enumerated in [R.C. 2929.14(E)(4)] which are necessary to justify [consecutive] sentences; reasons are the trial court's bases for its findings * * *." State v. Anderson (2001),146 Ohio App.3d 427, 437. See, also, Comer, supra, at ¶ 19 ("[T]he requirement that a court give its reasons for selecting consecutive sentences is separate and distinct from the duty to make the findings"). Thus, once the sentencing court has made the required findings under R.C. 2929.14(E)(4), it must then justify those findings by identifying specific reasons supporting the imposition of consecutive terms. State v. Hurst (2000), Franklin App. No. 98AP-1549; State v. Mosher, Athens App. No. 02CA49, 2003-Ohio-4439, at ¶ 7. The sentencing court must "clearly align each rationale with the specific finding to support its decision to impose consecutive sentences." Comer, supra, at ¶ 21.
 {¶ 7} Moreover, "[p]ursuant to R.C. 2929.14(E)(4) and2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing." Id. at paragraph one of the syllabus. The findings and reasons must be articulated by the trial court so that a reviewing court can conduct a meaningful review of the sentencing decision. State v. Lenigar, Franklin App. No. 03AP-53, 2003-Ohio-5493, at ¶ 13, citing Comer, supra at ¶ 21, citingGriffin v. Katz, Ohio Felony Sentencing Law (2002), 458-59, Section 1.21. "By implication, `mak[ing] a finding that gives its reasons' requires the court to make the preliminary findings required in R.C. 2929.14(E)(4) * * *'." Id., citing State v.Edmonson (1999), 86 Ohio St.3d 324, 329. "`Without the finding itself, the court also fails to provide the necessary "finding that gives its reasons."'" Id. Furthermore, if a trial court fails to make the specific findings required by R.C.2929.14(E)(4), there can be no demonstration that consecutive sentences are supported by the record. State v. West, Franklin App. No. 02AP-244, 2002-Ohio-6445, at ¶ 25.
 {¶ 8} At the sentencing hearing, the trial court made the following comments regarding the imposition of consecutive sentences:
* * * I would respectfully disagree, Mr. Barstow, with the idea that the harm is not so unusual or great because this robbery — it's not commonplace that robberies take place that result in somebody being killed. In fact, this robbery and the idea of this robbery, the whole event, started a chain of events that resulted in the death of another human being. It also involved, as was suggested by the State, the roping in, if you will, of his own son to become directly involved as a participant. I think that's unusual. I think it's unusual to the extent that it would meet the qualifications, necessity for a consecutive sentence.
The Court also finds that a consecutive sentence with respect to this case is necessary to protect the public and to punish the Defendant, is not disproportionate to the seriousness of this offense that ultimately — the robbery, again, being the triggering mechanism, set out the whole scenario upon which resulted in aggravated murder. So the Court believes that the harm is so unusual or great that it requires that type of sentence and that a single sentence would be insufficient. For that, the Court's going to make that sentence consecutively.
(May 25, 2004 Sentencing Hearing, pgs. 10-11.)
 {¶ 9} The trial court expressly found under the unlettered provisions of R.C. 2929.14(E)(4) that consecutive sentences are necessary both to protect the public and to punish defendant. The court also expressly found that consecutive sentences are not disproportionate to the seriousness of the offense. However, the court did not find that consecutive sentences are not disproportionate to the danger defendant poses to the public. This court has held that the trial court must make both of the findings relating to proportionality. State v. Thacker,
Franklin App. No. 03AP-653, 2004-Ohio-3828, at ¶ 9. See, also,State v. Wolford, Franklin App. No. 02AP-552, 2002-Ohio-6964, at ¶ 21 (finding that the trial court failed to comply with R.C.2929.14(E)(4) when it did not find that consecutive sentences were not disproportionate to the danger the offender poses to the public, even though the trial court noted that the sentence "is not disproportionate to the seriousness of the offenses"). The state argues that the second proportionality finding is unnecessary where, as here, the court finds that consecutive sentences are necessary to protect the public. The Thacker
court rejected that argument, stating: "[w]e reach this conclusion [that the court must make a finding that consecutive sentences are not disproportionate to the danger posed by the offender] even though the trial court clearly found that the consecutive sentences were necessary to protect the public." Id. at ¶ 9.
 {¶ 10} The state urges this court to reject the clear mandate set forth in Thacker and Wolford in favor of certain opinions from other Ohio appellate districts. We decline to do so. Moreover, this court is bound to strictly interpret sentencing statutes against the state and liberally in favor of the accused. R.C. 2901.04(A). State v. Phillips, Cuyahoga App. No. 83685, 2004-Ohio-2392, at ¶ 9. R.C. 2929.14(E)(4), strictly construed, requires a trial court to make both proportionality findings. Other appellate courts have similarly construed R.C.2929.14(E)(4). See, e.g., State v. Knott, Athens App. No. 03CA30, 2004-Ohio-5745, at ¶ 41. ("In order to impose consecutive sentences, the court must also find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public. * * * As indicated by the use of the word `and,' this finding requires an inquiry into both prongs.") See, also, Mosher, supra, at ¶ 13 ("[T]he court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conductand the danger the offender poses to the public."). (Emphasis sic.)
 {¶ 11} Further, the trial court failed to find one of the requisite findings under the lettered provisions of R.C.2929.14(E). It is undisputed that the court made no findings under either R.C. 2929.14(E)(4)(a) or (c). The state contends that the court made the requisite findings under R.C.2929.14(E)(4)(b). To comply with that section, the court was required to find that "[a]t least two of the multiple offenses were committed as part of one or more courses of conduct and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct." The state contends that comments made by the court in imposing more than the minimum sentence on the aggravated robbery count satisfies the "courses of conduct" requirement of R.C.2929.14(E)(4)(b). In imposing more than the minimum sentence, the court stated on the record: "This entire robbery in this case, setting up this robbery, was the idea of the Defendant here and it became the triggering mechanism, if you will, for what resulted in a murder. The idea of the robbery was what resulted in the murder, and convincing his son to come over to the location to commit it, even reconvincing after the son rejected the idea once." (May 24, 2004 Sentencing Hearing, pg. 10.)
 {¶ 12} We disagree with the State's argument for three reasons: (1) the statutorily required findings for imposing consecutive sentences are not the same as those required for imposing more than the minimum sentence; therefore, making the appropriate findings for imposing more than the minimum sentence does not relieve the trial court of its obligation to engage in the necessary analysis for deviating from concurrent sentences; (2) the court does not explicitly state that the offenses "were committed as part of one or more courses of conduct" as required by R.C. 2929.14(E)(4)(b); and (3) even assuming arguendo, the court's language could be construed to address the "courses of conduct" factor in R.C. 2929.14(E)(4)(b), the language comes closer to stating reasons rather than the required statutory finding.
 {¶ 13} In addition, the court failed to make a finding as to the second prong of R.C. 2929.14(E)(4)(b), that is, that "[t]he harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct." While it appears that the trial court attempted to comply with this prong by finding that the "harm is so unusual or great that it requires that type of sentence and that a single sentence would be insufficient," such finding does not include any statement regarding the "seriousness of the offender's conduct."
 {¶ 14} Moreover, assuming arguendo that the trial court's language could be construed as a finding on the second prong of R.C. 2929.14(E)(4)(b), we have already determined that the trial court failed to make a finding as to the first prong of R.C.2929.14(E)(4)(b). Applying the rationale of Thacker, Wolford,Mosher, and Knott, we conclude that the use of word "and" in R.C. 2929.14(E)(4)(b) connotes that a court must make findings as to both prongs. Accordingly, the court's failure to make a finding as to the "courses of conduct" prong is fatal to the State's contention that the trial court complied with R.C.2929.14(E)(4)(b). This court has held that at a sentencing hearing, the trial court is obligated to "specify" its findings under both the unlettered and lettered provisions of R.C.2929.14(E)(4). State v. Jackson, Franklin App. No. 03AP-273, 2003-Ohio-5946, at ¶ 26. Because the trial court did not make the requisite findings under either the unlettered or lettered provisions of R.C. 2929.14(E)(4) on the record during the sentencing hearing, it erred in imposing consecutive sentences and the matter must be remanded pursuant to R.C. 2953.08(G)(1), which requires an appellate court, when the sentencing court has failed to make statutorily required findings, to "remand the case to the sentencing court and instruct the sentencing court to state, on the record, the required findings."
 {¶ 15} Thus, on remand, the trial court must make specific findings on the record with respect to the R.C. 2929.14(E)(4) factors if it seeks to impose consecutive sentences. Until such is accomplished, we need not address whether the trial court sufficiently considered all applicable factors, justified its findings by identifying specific reasons to support the imposition of consecutive sentences, or whether the record would support the findings. See State v. Scott, Franklin App. No. 01AP-801, 2002-Ohio-2251, at ¶ 23. We hasten to add that this court's remand of this matter does not imply either approval or disapproval of the sentence imposed; rather, it denotes only that the requisite findings to support the imposition of consecutive sentences are not a part of the record herein. Accordingly, defendant's assignment of error is well-taken.
 {¶ 16} For the foregoing reasons, defendant's single assignment of error is sustained and the judgment of the Franklin County Court of Common Pleas is hereby reversed and remanded for further proceedings in accordance with law and consistent with this opinion.
Judgment reversed and remanded with instructions.
Bryant and Sadler, JJ., concur.
DESHLER, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.