{¶ 42} I concur with the majority's disposition of the second and third assignments of error but respectfully dissent on the first assignment of error regarding consecutive sentences.
 {¶ 43} Pursuant to R.C. 2929.14(E)(4), the court may impose consecutive sentences for convictions of multiple offenses only after it makes three determinations: (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) if the court also finds any of the following:
"(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
"(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
"(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 44} In the instant case, I find no reference to the required proportionality finding to support the consecutive sentences imposed.
 {¶ 45} In State v. Comer, 99 Ohio St.3d 463, 468,2003-Ohio-4165, the Ohio Supreme Court held that pursuant to R.C.2929.14(E)(4) and 2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make the statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing.
 {¶ 46} The trial court must consider the factors found in R.C. 2929.12(B) and (C) to determine how to accomplish the purposes embraced in R.C. 2929.11. The court further stated:
"A court may not impose consecutive sentences for multiple offenses unless it `finds' three statutory factors. R.C.2929.14(E)(4). First, the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. Id. Second, the court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Id. Third, the court must find the existence of one of the enumerated circumstances in R.C. 2929.14(E)(4)(a) through (c)." Id. at ___ 13.
 {¶ 47} The trial court did not make a proportionality finding, nor state any reasons why the sentences would not be disproportionate to the seriousness of Berardi's conduct and to the danger he poses to the public. Therefore, I would vacate the sentences and remand for resentencing. See, State v. Thacker,
Franklin App. No. 03AP-653, 2004-Ohio-3828; State v. Ali,
Cuyahoga App. No. 82076, 2004-Ohio-1782.