ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Reginald Phillips ("appellant") appeals from the judgment of the trial court sentencing him to consecutive terms of incarceration. For the reasons set forth below, we reverse and remand for resentencing.
 {¶ 2} In 2000, in Case Number CR-386271, appellant pled guilty to improper discharge of a firearm with a one-year firearm specification. He was sentenced to one year on the firearm specification to be served prior and consecutive to a two-year sentence on the underlying charge. In June of 2002, the trial court granted appellant's motion for judicial release and placed him on community control sanctions for four years.
 {¶ 3} In September of 2003, in Case Number CR-439730, appellant pled guilty to one count of assault on a peace officer, in violation of R.C. 2903.13, a felony of the fourth degree, and domestic violence in violation of R.C. 2919.25 with an underlying domestic violence conviction, a felony of the fifth degree. The remaining counts were dismissed by the state, and after a presentence investigation was ordered, the trial court conducted a sentencing hearing on September 29, 2003. At that hearing, the trial court also considered Case Number CR-386271. The trial court ordered appellant's judicial release to be terminated and sentenced appellant to prison for the balance of his original sentence for Case Number CR-386271. Appellant was also sentenced to fifteen months incarceration for assault of a peace officer and twelve months incarceration for the domestic violence charge, to run concurrently with each other, but consecutive to CR-386271. It is from this ruling that appellant now appeals, asserting a sole assignment of error for our review.
 {¶ 4} "I. The trial court erred by ordering appellant to serve a consecutive sentence without making the appropriate findings required by R.C. 2929.14 (E)(4)."
 {¶ 5} Appellant maintains that the trial court failed to make the appropriate findings required to impose consecutive terms of incarceration. We agree.
 {¶ 6} R.C. 2929.20 (I) provides, in relevant part:
 {¶ 7} "* * * If the court reimposes the reduced sentence pursuant to this reserved right, it may do so either concurrently with, or consecutive to, any new sentence imposed upon the eligible offender as a result of the violation that is a new offense. * * *"
 {¶ 8} It is axiomatic that words and phrases in a statute must be read in context of the whole statute. State v.Williams (1997), 79 Ohio St.3d 459, citing Commerce IndustryIns. Co. v. Toledo (1989), 45 Ohio St.3d 96, 102. Thus, we read R.C. 2929.20 in the context of Ohio's general felony sentencing statute, which requires that when multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively only if the court makes the required findings and gives its reason for imposing consecutive sentences. R.C. 2929.14
(E)(4); but, see, State v. Fugate (Nov. 13, 2000), Butler App. No. CA2000-02-031, citing State v. Gardner (Dec. 1, 1999), Union App. No. 14-99-24 (holding that, contrary to Ohio's general felony sentencing statute, R.C. 2929.20 does not require a trial court to make findings prior to imposing consecutive sentences).
 {¶ 9} Further, the rules of construction of Ohio's criminal code provide that, "sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused." R.C.2901.04 (A); see, also, State v. Wilson (1978),57 Ohio App.2d 11, 23. Therefore, any ambiguity concerning consecutive sentences must be resolved in appellant's favor, which is to require that a trial court make the appropriate findings and reasons in support of the imposition of consecutive sentences under R.C.2929.14 (E)(4).
 {¶ 10} We therefore proceed to our analysis under R.C.2929.14, which provides that the trial court may impose consecutive prison terms for convictions of multiple offenses upon the making of certain findings enumerated in the statute. Specifically, R.C. 2929.14(E)(4) provides in pertinent part:
 {¶ 11} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 12} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18
of the Revised Code, or was under post-release control for a prior offense.
 {¶ 13} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 14} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 15} Under R.C. 2929.19(B)(2)(c), if the trial court imposes consecutive sentences, it must make a finding on the record that gives its reason for imposing consecutive sentences.State v. Klepatzski, Cuyahoga App. No. No. 81676, 2003-Ohio-1529; State v. Nichols (Mar. 2, 2000), Cuyahoga App. Nos. 75605, and 75606. The record must demonstrate that the trial court's decision-making process included all of the statutorily required sentencing considerations. See Klepatzski, supra;Nichols, supra, citing State v. Edmonson (1999),86 Ohio St.3d 324, 1999-Ohio-110. The trial court need not use the exact words of the statute; however, it must be clear from the record that the trial court made the required findings. State v.Garrett (Sept. 2, 1999), Cuyahoga App. No. 74759.
 {¶ 16} In this case, the trial court stated, in relevant part:
 {¶ 17} "* * * That is at least your third domestic violence that you have had. And again, it's been done in a drunken state. The risk is far too high to have you stay out under these circumstances and, you know, you're just too much of a danger in the community in that regard." (T. 9-10).
 {¶ 18} We find that these remarks by the trial court do not clearly indicate that the trial court made the required findings enumerated in R.C. 2929.14 (E)(4) nor reasons under R.C. 2929.19
(B)(2)(c). We therefore sustain this assignment of error.
 {¶ 19} Judgment reversed and remanded for resentencing.
 {¶ 20} This cause is reversed and remanded to the lower court for resentencing.
Celebrezze, Jr., and Calabrese, Jr., JJ., concur.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.