The STATE of Ohio, Appellee,

v.

MYERS, Appellant.

[Cite as *State v. Myers,* 159 Ohio App.3d 584, 2005-Ohio-447.]

Court of Appeals of Ohio,
Second District, Champaign County.

No. 00CA03.

Decided Feb. 4, 2005.

Nick A. Selvaggio, Champaign County Prosecuting Attorney, and Jack W. Whitesell, Assistant Prosecuting Attorney, for appellee.

David H. Bodiker, State Public Defender, and Theresa G. Haire, Assistant State Public Defender, for appellant.

GRADY, Judge.

{¶ 1} Defendant, Rene Myers, appeals from her sentence for aggravated robbery, which the trial court ordered must be served consecutively to a sentence that had been imposed on Myers for an offense committed in Logan County.

{¶ 2} This case has a lengthy history. On June 26, 1999, Myers and her cousin, Clarence Scott, broke into a home in Champaign County and committed a robbery using a gun. During that robbery, Scott struck the elderly male resident. Three days later, Myers and Scott robbed a bank in Logan County using the same gun.

{¶ 3} Myers was charged in Logan County and in Champaign County with separate offenses and subsequently pled guilty to one count of aggravated robbery in each county. On October 12, 1999, Myers was sentenced in Logan County to nine years' imprisonment for the bank robbery.

{¶ 4} On November 29, 1999, the Champaign County Common Pleas Court sentenced Myers to six years' imprisonment for the robbery of the elderly man. The court ordered that six-year sentence to be served consecutively to the nine-year Logan County sentence, for a total of 15 years.

{¶ 5} The trial court's journal entry of judgment and sentence was filed on December 21, 1999. The following day, December 22, 1999, the trial court filed an additional entry giving its reasons for imposing consecutive sentences, which it had inadvertently omitted from the original sentencing entry. The trial court relied upon the specific finding in R.C. 2929.14(E)(4)(b) to support the consecutive sentences.

{¶ 6} Myers timely appealed to this court, challenging whether the trial court had made the findings necessary to impose consecutive sentences and specifically whether the record supported the particular R.C. 2929.14(E)(4)(b) finding that

the trial court made to justify consecutive sentences. We concluded that we could not resolve the assigned error on the record then before us, and we remanded the case to the trial court for "preparation of a supplemental record to correct the omission of facts material to the harm that Myers's two offenses involved."

{¶ 7} Pursuant to our remand, on October 23, 2000, the trial court filed an entry once again stating its reasons for imposing consecutive sentences. The court cited those portions of the record that supported the particular finding in R.C. 2929.14(E)(4)(b) that the court made to justify consecutive sentences. On December 15, 2000, we dismissed Myers's appeal for lack of jurisdiction because Myers had not sought or been granted leave to appeal her consecutive sentences, as R.C. 2953.08(C) requires. *State v. Myers* (Dec. 15, 2000), Champaign App. No. 00CA3, 2000 WL 33259899.

{¶ 8} On February 9, 2004, we granted Myers's application to reopen her appeal pursuant to App.R. 26(B), finding that Myers had been deprived of the effective assistance of appellate counsel in her initial attempt to appeal her consecutive sentences. *State v. Myers* (Feb. 9, 2004), Champaign App. No. 03CA03. We reinstated Myers's appeal, indicating that the issue is "whether the findings the trial court made to support a consecutive sentence are supported by the record." This matter is now ready for decision on the merits.

{¶ 9} "The trial court erred by imposing a consecutive sentence as the findings to support consecutive sentencing are not supported by the record (Dec. 21, 1999 sentencing entry, Oct. 23, 2000 sentencing entry, sentencing transcript)."

{¶ 10} Pursuant to R.C. 2953.08(G)(2), our standard of review on appeal is not whether the sentencing court abused its discretion. *State v. Lofton,* Montgomery App. No. 19852, 2004-Ohio-169, 2004 WL 67960. Rather, we may increase, reduce, or otherwise modify a sentence that is appealed or vacate the sentence and remand the matter for resentencing, if we clearly and convincingly find that the record does not support the sentencing court's findings under the relevant statute (R.C. 2929.14(E)(4) in this case). R.C. 2953.08(G)(2)(a).

{¶ 11} The words "clear and convincing" are descriptive adjectives sometimes applied to identify the probative value of evidence a litigant must present to obtain some form of relief requested. R.C. 2953.08(G)(2)(a) now applies this same standard to the finding we are required to make, in the form of adverbs ("clearly and convincingly") modifying the verb "finds." There may not be much practical difference between the two approaches, though it is difficult to know how we might clearly and convincingly find something unless clear and convincing evidence is offered to support the proposition involved. Use of the conventional "clear and convincing evidence" standard would have been more in accord with

accepted practice, and perhaps a less obvious effort to control the court's actual exercise of the discretion conferred on it by the legislation.

{¶ 12} In order to impose consecutive sentences, the trial court must make the findings set out in R.C. 2929.14(E)(4), which provides:

{¶ 13} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

{¶ 14} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

{¶ 15} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶ 16} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."

{¶ 17} Furthermore, the court must give its reasons for imposing consecutive sentences. R.C. 2929.19(B)(2)(c).

{¶ 18} In the present case, the trial court had relied upon the particular finding in R.C. 2929.14(E)(4)(b) to justify imposing consecutive sentences, finding that "the harm was so great or unusual that a single term does not adequately reflect the seriousness of the conduct." Journal entry filed December 22, 1999. Likewise, in its October 23, 2000 entry that was filed after our remand, the trial court found that "the harm caused by the multiple offense was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct."

{¶ 19} Initially, we wish to address two issues. First, when imposing consecutive sentences trial courts must now orally make the required statutory findings and give reasons supporting those findings at the sentencing hearing. *State v. Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473. That requirement, however, does not apply in this case because the sentencing hearing

took place years before *Comer* was decided, and *Comer* is not to be retroactively applied. *Ali v. State,* 104 Ohio St.3d 328, 2004-Ohio-6592, 819 N.E.2d 687.

{¶ 20} Second, we note that on June 21, 2000, we remanded this case to the trial court pursuant to App.R. 9(E) for "preparation of a supplemental record to correct the omission of facts material to the harm that Myers' two offenses involved. That may be a transcript of the plea proceeding of November 24, 1999, which we have not been provided, if it is sufficient to portray the harm concerned. Alternatively, it may be a statement prepared by the parties and approved by the court pursuant to App.R. 9(D)."

{¶ 21} We issued that mandate because the record then before us did not contain facts portraying the particular harm Myers's two offenses had caused relative to the trial court's R.C. 2929.14(E)(4)(b) finding.

{¶ 22} Upon our remand, the trial court included in its October 23, 2000 entry a new, additional, separate finding made pursuant to R.C. 2929.14(E)(4)(c), that "[t]he offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crimes by the offender." While that finding might well be justifiable, given Myers's extensive criminal record as a juvenile, we decline to consider this new and different statutory finding as justification for imposing consecutive sentences because it was not originally relied upon by the trial court, prior to our remand, to justify the consecutive sentences, and this new statutory finding impermissibly exceeds the very limited scope and purpose of our June 21, 2000 remand order.

{¶ 23} Defendant argues that the R.C. 2929.14(E)(4)(b) finding that the trial court relied upon to support its imposition of consecutive sentences, that the harm caused by defendant's multiple offenses was so great or unusual that no single prison term for any of the offenses adequately reflects the seriousness of defendant's conduct, is not supported by the record. After carefully examining the record before us, including the sentencing hearing, all of the trial court's entries and the presentence investigation report, we agree with defendant's contention.

{¶ 24} The record demonstrates that Myers was 18 years old at the time of these offenses. Myers's cousin, Scott, brought the handgun to both robberies. During the robbery in Champaign County, Scott struck the elderly male victim with his forearm, knocking him down onto a couch, when the victim pulled out a pocket knife to defend himself against the robbery. After the victim got back up and grabbed a cane, Scott struck him a second time with his forearm, knocking the victim to the floor. Scott and Myers then took the victim's wallet and fled. Three days later, Scott and Myers robbed a bank in Logan County, using the same gun.

{¶ 25} The record does not portray what physical harm, if any, was caused during the Logan County bank robbery.

{¶ 26} In its October 23, 2000 entry, the trial court indicated that Scott and Myers had physically abused the elderly Champaign County robbery victim by hitting him. However, the record does not portray the nature and extent of any physical harm suffered by the victim, much less that the physical harm caused was so great or unusual as to distinguish this Champaign County aggravated robbery from other aggravated robberies generally. It does reflect that, at least with respect to the acts of violence involved, Myers was not the actor who inflicted the violence. While that does not relieve her of criminal liability, it is a matter for consideration in evaluating the seriousness of her conduct. Further, though we strongly condemn violence and the use of guns, other than the age and possible infirmity of the victim, the use of force in committing this aggravated robbery does not distinguish it from that category of offenses generally so as to justify imposition of a consecutive sentence in this case. See *State v. Culp* (May 25, 2001), Champaign App. No. 2000–CA–17, 2001 WL 561288. An aggravated robbery is, by definition, a violent crime. Id.

{¶ 27} Without discounting the seriousness of Myers's crimes, but remembering that consecutive sentences are reserved for the worst offenses and offenders, *Comer*, supra, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, at ¶ 21, we clearly and convincingly find that the record does not support the trial court's finding under R.C. 2929.14(E)(4)(b). Myers's sentences should have been ordered to be served concurrently, not consecutively.

{¶ 28} In a supplemental brief that she filed on July 6, 2004, Myers argues that the trial court erred when it imposed a greater-than-minimum, consecutive sentence because the findings statutorily required for those purposes were not made by a jury or admitted by Myers. *Blakely v. Washington*, (2004), —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403; *United States v. Booker* (2005), —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621.

{¶ 29} Our holding herein and the resulting modification of Myers's sentence from a consecutive sentence to one to be served concurrent with the nine-year sentence imposed for the Logan County bank robbery avoids any basis to apply *Blakely* to the same result with respect to the consecutive sentence the court imposed. We decline to apply *Blakely* to the court's imposition of a greater-than-minimum sentence because that issue was not raised in the error Myers assigned with respect to the judgment from which her appeal is taken, which was limited to the consecutive sentences the court imposed.

{¶ 30} The assignment of error is well taken and is hereby sustained. Pursuant to R.C. 2953.08(G)(2), we hereby modify Myers's sentence so that the six-year sentence imposed for the aggravated robbery in Champaign County will be

served concurrently with the nine-year sentence imposed in Logan County. As modified, the judgment of the trial court will be affirmed. Our disposition of this assignment of error renders Myers's supplemental assignment of error moot. Therefore, we need not address it. App.R. 12(A)(1)(c).

Judgment accordingly.

BROGAN, P.J., and FAIN, J., concur.