{¶ 29} I concur with the decisions reached by the majority in this case on Assignments of Error I (minimum sentences) and III (constitutionality of consecutive sentences). However, I disagree with the holding of the majority in Assignment of Error II (consecutive sentences) that the evidence supported a finding that the harm caused by Watkins' conduct was so great or unusual that a single prison term would not adequately reflect the seriousness of his conduct. Therefore, I must respectfully dissent from the majority herein.
 {¶ 30} As correctly stated by the majority, the trial court made the required findings necessary to impose consecutive sentences and stated its reasons for making those findings on the record. However, the facts of the case before us do not support the trial court's finding that "the harm caused, further, was so great or unusual that a single term does not adequately reflect the seriousness of the defendant's conduct."
 {¶ 31} Harm is defined in The American Heritage Dictionary of the English Language (3rd ed. 1996) as "physical or psychological injury or damage." Black's Law Dictionary (8th ed. 2004), defines harm as "injury, loss, damage; material or tangible detriment." In the facts of the case before us, Watkins was convicted of selling cocaine to an undercover police officer in a controlled buy. There was no injury, loss, or damage caused by this sale. Indeed, because this was a controlled buy, there was not even the potential for such harm.
 {¶ 32} The trial court justified its finding by stating that "[s]ometimes it's better to have a gunshot wound or a knife wound. Those heal. Things happen with the use of drugs, Mr. Watkins, and you know it, you've been there, you knew it from your own family situation, the lives that are affected when people get hooked on cocaine." The trial court also mentioned the quantity of the drugs involved as a factor in imposing consecutive sentences.
 {¶ 33} Clearly, the trial court's comments were directed at the potential for harm that could be caused by the sale of drugs. While I understand the trial court's concern, the legislature did not modify the word harm in R.C. 2929.14(E)(4)(b) with the word potential. This Court is bound to strictly interpret sentencing statutes against the State and liberally in favor of the accused. R.C. 2901.04(A); State v. Phillips,
8th Dist. No. 83685, 2004-Ohio-2392, at ¶ 9. Therefore, only actual harm may be used as a basis for imposing consecutive sentences. See State v.Myers, 159 Ohio App.3d 584, 2005-Ohio-447, at ¶ 23-26.
 {¶ 34} Because there is no evidence in the record of harm caused by Watkins' sale of cocaine, it was error for the trial court to impose consecutive sentences based upon a finding that the harm caused by Watkins' conduct was so great that no single prison term would adequately reflect the seriousness of his offense. Accordingly, I respectfully dissent from the portion of the majority's decision that affirms the imposition of consecutive sentences.
 {¶ 35} Based on the above, I would reverse the decision of the trial court imposing consecutive sentences and remand the cause for resentencing. However, in all other aspects, I concur with the result reached by the majority.