[Cite as *State v. Pluhar*, 2015-Ohio-3344.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102012**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# TIMOTHY PLUHAR

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-584753-A

**BEFORE:** Celebrezze, A.J., McCormack, J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** August 20, 2015

**ATTORNEY FOR APPELLANT**

Anna Markovich
18975 Villaview Road, Suite 3
Cleveland, Ohio 44119


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Denise J. Salerno
           Daniel T. Van
Assistant Prosecuting Attorneys
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., A.J.:

{¶1} Appellant, Timothy Pluhar, appeals his convictions for rape, sexual battery, and tampering with evidence. He argues his guilty pleas are invalid, and even if they are not, that the sentences imposed by the trial court are. After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

{¶2} In the late 1990s, appellant had sexual contact with three women incapable of consenting to this activity. After a prior indictment was dismissed, a 13-count indictment was issued on April 25, 2014, charging appellant with various crimes including rape, sexual battery, kidnapping, tampering with evidence, tampering with records, and falsification. The indictment alleged the prohibited acts occurred between June 20, 1998, and August 4, 1999. Counsel was assigned, and discovery was had.

{¶3} On August 6, 2014, appellant pled guilty to one count of rape, a violation of R.C. 2907.02(A)(1)(c); one count of tampering with evidence, a violation of R.C. 2921.12(A)(2); and two counts of sexual battery, violations of R.C. 2907.03(A)(3). As part of a plea deal, the state amended the charges to delete sexually violent predator specifications and dismiss two counts of rape, one count of sexual battery, one count of tampering with records, one count of falsification, and three counts of kidnapping.

Appellant was referred to the court psychiatric clinic for evaluation and to the probation department for a presentence investigation report.

{¶4} On September 8, 2014, the trial court conducted appellant's sentencing hearing. After hearing from the state, appellant and his attorney, and one of the victims and a member of her family, the court imposed an aggregate 18-year sentence: a ten-year sentence for rape, a three-year sentence for tampering with evidence, and two 48-month sentences for sexual battery. The court ordered that the sentences for sexual battery be served consecutive to the sentence for rape. The court also imposed a $5,000 fine and costs. The trial court made findings on the record necessary to impose consecutive sentences and incorporated the language from the statute in the journal entry. The court also informed appellant of postrelease control and incorporated the notification in the journal entry. Finally, the court conducted a sexual-offender-classification hearing. After hearing from the parties and reviewing the court psychiatric report, the court classified appellant as a sexual predator.

{¶5} Appellant then filed the instant appeal challenging his pleas, sentences, and sexual offender classification. He assigns the following errors:

I. Appellant's plea of guilty is not knowing and in violation of Crim.R. 11(C), when, before accepting it, the trial court failed to inform appellant about consequences of violating sexual offender registration rules.

II. The maximum sentence imposed by the trial court for the rape conviction is not supported by the record and is contrary to law.
III. The trial court erred in imposing a near maximum sentence on each count of sexual battery.

IV. The trial court erred by imposing consecutive sentences for the rape and sexual battery convictions.

V. The trial court's specification of appellant as a sexual predator is against the manifest weight of the evidence.

## II. Law and Analysis

### A. Civil, Collateral Nature of Sex Offender Classification

{¶6} Appellant first argues that his plea is invalid because he was not informed of the potential consequences of violating sexual offender reporting requirements under Megan's Law prior to entering his guilty pleas.

{¶7} Crim.R. 11 requires a court to inform a criminal defendant of certain constitutional and nonconstitutional rights prior to accepting a felony plea of guilty or no contest. *State v. Schmick*, 8th Dist. Cuyahoga No. 95210, 2011-Ohio-2263, ¶ 6. Crim.R. 11(C) indicates the court must ensure that the plea is voluntary, with an understanding of the nature of the charges and the *maximum penalty involved* and, if applicable, that the defendant is not eligible for community control sanctions; that the defendant understands the effect of his or her plea; and that the defendant understands the constitutional rights he or she waives by pleading guilty, including the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself. Crim.R. 11(C)(2)(a)-(c). Appellant claims he was not informed of the maximum penalty involved because he was not informed of certain

reporting requirements under Ohio's former sex offender registration scheme, "Megan's Law." *See* former R.C. Chapter 2950, 130 Ohio Laws 669. There was some discussion of reporting requirements during the change of plea hearing, but for the sake of argument, we will assume appellant is correct that the court did not sufficiently explain these requirements.

{¶8} This court reviews de novo whether the trial court accepted a plea in compliance with Crim.R. 11(C). *State v. Lunder*, 8th Dist. Cuyahoga No. 101223, 2014-Ohio-5341, ¶ 22. Rigorous adherence to the requirements of Crim.R. 11(C)(2)(c), or strict compliance, is required for constitutional rights. However, for nonconstitutional rights, substantial compliance is sufficient. When a court deviates from the text of Crim.R. 11 for nonconstitutional rights, substantial compliance will be found when, examining the totality of the circumstances, the record indicates that "the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). An explanation of the maximum penalty is required by Crim.R. 11(C)(2)(a). This is a nonconstitutional right, so this court will look for substantial compliance. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31.

{¶9} This court must distinguish case law dealing with Megan's Law from Ohio's current sex offender classification scheme codified in R.C. Chapter 2950, known as the "Adam Walsh Act."[1] Prior to the enactment of Ohio's Adam Walsh Act, the Ohio

---

[1] The change came about as a result of 2007 Am.Sub.S.B. No. 10.

Supreme Court found that the sexual reporting requirements under Megan's Law were not punitive, but remedial. *State v. Cook*, 83 Ohio St.3d 404, 417, 700 N.E.2d 570 (1998). Later, the court reiterated that "an offender's classification as a sexual predator is a collateral consequence of the offender's criminal acts rather than a form of punishment per se." *State v. Ferguson*, 120 Ohio St.3d 7, 2008-Ohio-4824, 896 N.E.2d 110, ¶ 34. The requirements were collateral consequences of conviction, not punishment. To that point, this court has previously held that a trial court need not inform a defendant about the registration and notification requirements under Megan's Law before accepting a plea. *State v. Perry*, 8th Dist. Cuyahoga No. 82085, 2003-Ohio-6344, ¶ 9. Other jurisdictions have reached the same conclusion. *State v. Bush*, 2d Dist. Greene No. 10CA82, 2011-Ohio-5954, ¶ 15; *State v. Richey*, 10th Dist. Franklin No. 08AP-923, 2009-Ohio-2988, ¶ 18.

{¶10} However, the Ohio Supreme Court has found that changes to Ohio's sexual offender registration laws in 2008 brought about by the enactment of the Adam Walsh Act made the requirements clearly punitive. *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108; *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753.

{¶11} As the requirements under Megan's Law are collateral consequences of a criminal conviction and not punishment, a trial court is not required to inform a criminal defendant of them prior to accepting a plea. Therefore, this assignment of error is overruled.

## B. Sentencing Review

{¶12} Appellant's next three assignments of error take issue with the sentences imposed by the trial court, including the imposition of a maximum sentence, and the length and consecutive nature of two sentences.

### 1. Standard of Review

{¶13} R.C. 2953.08 sets forth the parameters of this court's review of felony sentences. It includes categories of sentences that may be appealed such as consecutive sentences under R.C. 2953.08(C)(1) or a maximum sentence under R.C. 2953.08(A). R.C. 2953.08(G)(1) provides, in part, that the appellate court's standard for review is not whether the sentencing court abused its discretion; rather, if this court "clearly and convincingly" finds that "the record does not support the sentencing court's findings under R.C. 2929.14(C)(4)," or that "the sentence is otherwise contrary to law," then this court "may increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing."

### 2. Length of Individual Sentences

{¶14} Appellant asserts in his second and third assignments of error that his sentences are invalid because the court imposed a maximum sentence of ten years for rape and "near-maximum" 48-month sentences for sexual battery. Appellant argues the court misapplied the factors listed in R.C. 2929.11 and 2929.12 when crafting the sentence. R.C. 2929.11 sets forth the purposes and principles of felony sentencing the

court considers when imposing sentence. R.C. 2929.12 sets forth a non-exhaustive list of seriousness and recidivism factors that should also be considered where applicable.

{¶15} R.C. 2929.11(A) provides that those purposes "are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." The factors under R.C. 2929.12(A) include, among others, the seriousness of the offender's conduct, the likelihood of recidivism, and "any other factors that are relevant to achieving those purposes and principles of sentencing." The court should also consider any mitigating factors listed in R.C. 2929.12(C)-(F).

{¶16} The record in this case contains a lengthy and thorough recitation of the court's consideration of appropriate sentencing factors under R.C. 2929.11 and 2929.12. The trial court imposed sentences that are commensurate with appellant's crimes. The trial court considered the fact that appellant blamed the first victim's brother for her rape and the brother was prosecuted for that crime. Appellant complains this is an impermissible factor for the court to consider because appellant was being sentenced for that crime, tampering with evidence, separately. Appellant claims this constitutes double jeopardy. Flatly, it does not. The court took into consideration the serious harm appellant caused to the victim and her family that resulted from the rape and from appellant's actions after the rape. The harm inflicted on the victim is a valid consideration when crafting a sentence, and the court may consider all the surrounding

facts and circumstances of the crime. This even includes dismissed criminal charges that resulted from a plea agreement.[2] The court could validly consider the insidious actions appellant took to cover up his culpability.

{¶17} Appellant also argues there was no evidence of significant harm to the victims. This crass argument is partially based on the fact that two of the victims did not appear at sentencing to give victim impact statements, and therefore, no evidence of significant harm exists as to these victims.[3] Even more offensive, appellant claims that raping an unconscious woman somehow results in less harm or the trial court cannot assume significant harm was inflicted. Appellant uses this argument to assert that the court erred in finding that the victims suffered serious psychological and physical harm.

{¶18} These felonies, rape and sexual battery, are among the worst forms of classified felonies a court will face. All first-degree felonies fall within the same sentencing range between 3 and 11 years.[4] Those crimes that are particularly despicable should fall at the upper end of the sentencing range. The trial court has discretion to impose a sentence commensurate with the criminal conduct. Based on the heinous nature of the crimes and appellant's actions in connection therewith, the court found that

---

[2] The court may consider these actions when undisputed and so long as it is not the sole basis for the imposed sentence. *See State v. Corbett*, 8th Dist. Cuyahoga No. 99649, 2013-Ohio-4478.

[3] The state points out, and the sentencing transcript reflects, that one of the victims was deceased at the time of sentencing.

[4] The trial court determined that the maximum sentence at the time appellant committed these crimes was 10 years.

these were the most serious forms of the offenses. That was within the trial court's discretion. There is nothing in the record in this case that leads to the conclusion that the court's sentence is clearly and convincingly contrary to law. Further, this court has "no jurisdiction to consider whether the court abused its discretion in how it applied the purposes and principles of felony sentencing in R.C. 2929.11 and the sentencing factors in R.C. 2929.12." *State v. Martinez*, 8th Dist. Cuyahoga No. 101474, 2015-Ohio-1293, ¶ 30, citing *State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶ 17; *State v. Booker*, 8th Dist. Cuyahoga No. 101886, 2015-Ohio-2515, ¶ 11.

**{¶19}** Essentially, appellant takes issue with the discretion exercised by the trial court. However, "as long as the trial judge properly considered all mitigating factors, it was within her discretion to weigh them in any manner that she [sees] fit and to assign such weight to each factor as she [thinks] appropriate." *State v. Belew*, 140 Ohio St.3d 221, 2014-Ohio-2964, 17 N.E.3d 515, ¶ 18, Lanzinger, J., dissenting, citing *State v. Noling*, 98 Ohio St.3d 44, 2002-Ohio-7044, 781 N.E.2d 88, ¶ 130 ("the weight, if any, to assign a given factor is a matter for the discretion of the individual decisionmaker"); *Booker* at ¶ 9-11.

**{¶20}** Appellant also claims the trial court's considerations of these factors are contrary to law. However, a sentence is not clearly and convincingly contrary to law "where the trial court considers the purposes and principles of sentencing under R.C. 2929.11, as well as the seriousness and recidivism factors listed in R.C. 2929.12, properly applies postrelease control, and sentences a defendant within the permissible statutory

range." *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 10, citing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 18. Appellant asks this court to substitute its judgment for that of the trial court's; something we will not do. *See Martinez* at ¶ 30.

### 3. Consecutive Sentences

{¶21} In order to impose consecutive sentences for criminal offenses, the legislature has determined that a trial court must make a determination that consecutive sentences are necessary to protect the public from future crime or to punish the offender, that such sentences would not be disproportionate to the seriousness of the conduct and to the danger the offender poses to the public, and make one additional finding as outlined in R.C. 2929.14(C)(4)(a)-(c). R.C. 2929.14(C)(4). In this case, the court found that R.C. 2929.14(C)(4)(b) was satisfied:

> At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶22} These required findings must be made in open court and also incorporated into the journal entry of sentence. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29.

**{¶23}** Appellant claims the court's findings regarding consecutive sentences are not supported in the record. At sentencing, the trial court made separate and distinct findings supporting the imposition of consecutive sentences. The court stated:

> Now, Count 9 [(sexual battery)] will be consecutive to Count 1 [(rape)]; and Count 12 [(sexual battery)] will be consecutive to Count 9. So it's 18 years. And here's why:
>
> Under Revised Code Section 2929.14(C)(4), the trial court must outline the reasons for its imposition of consecutive sentences.
>
> In this instance, I find that consecutive sentences are necessary to protect the public from future crime and to punish you. You have been, as I said, in the background while these three sexual assaults were yet undetermined as to who the perpetrator was. * * *.
>
> So modern technology in this instance was to the benefit of the victim. Sometimes it's to the benefit of the falsely accused; but in this case, it helped the victims because they were able to determine you had committed these matters.
>
> But in the background of these three offenses, you were committing other crimes and violating supervision.
>
> [The] Court finds also that consecutive sentences are not disproportionate to the seriousness of your conduct and to the danger you impose to the public. You assaulted a victim who was unconscious. That's bad enough. And then to blame her brother and throw the whole family into turmoil over this is just unconscionable.
>
> So you have incredible lack of remorse, and that poses a danger to the public as well as your conduct.
>
> Finally, the Court finds that at least two of these offenses were committed as part of one or more course of conduct. You started in June of '98 with the rape of [the first victim]. You had the sexual battery February 21st of '99 of [the second victim]. You continued on this course of conduct, sexual battery, of [the third victim] August 4th of '99. They apparently all knew each other; and you were — you ingratiated yourself to them and committed these offenses.

The harm caused by these offenses is so great or unusual that no single prison term for any of these three sexual assaults would adequately reflect the seriousness of your conduct, its effect on the victims and its danger and repulsiveness to the community.

Also, you have a history of criminal conduct that demonstrates that consecutive sentences are necessary to protect the public from future crime by you.

You have embarked on other criminal offenses even while these offenses were yet undetected.

So I would have to say that you have earned the time that you will spend by your actions, sentenced innocent people to suffer when you who were the offender [who] should suffer.

And possibly the worst thing is, as [the first victim] pointed out, after you sexually assaulted her, you had to humiliate her. And you are here in a court of law where everybody treats you with dignity, but you didn't afford her that, and that is really wrong because any person deserves to be treated with dignity. You're going to receive that treatment. You have been receiving that treatment through the Court. But you didn't afford that to her, and she's broken now, and she hurts. And you are very callous about this and don't care. But [the first victim] can heal. Your time is starting.

**{¶24}** This is a thorough discussion on the record of the court's reasoning for imposing consecutive sentences, and this court finds no error that would result in overturning the court's imposed sentences. The court made findings on the record justifying consecutive sentences, and the record supports those findings. The court also incorporated the findings into the journal entry. Therefore, this assigned error is overruled.

### D. Sexual Predator Classification

**{¶25}** Finally, appellant claims the court erred in classifying him as a sexual predator.

**{¶26}** The Ohio Supreme Court has held that "[b]ecause sex-offender- classification proceedings under [former] R.C. Chapter 2950 are civil in nature, a trial court's determination in a sex offender classification hearing must be reviewed under a manifest-weight-of-the-evidence standard * * * ." *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, syllabus. These determinations "may not be disturbed when the trial judge's findings are supported by some competent, credible evidence." *Id.* This case and others cite to a civil-manifest-weight-of-the-evidence standard, but the Ohio Supreme Court has determined that the manifest-weight-of-the-evidence standard set forth in *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997), applies equally to civil and criminal cases. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517. When testing manifest weight,

> "[t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."

*Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

**{¶27}** Relying on *State v. Phillips*, 8th Dist. Cuyahoga No. 83685, 2004-Ohio-2392, ¶ 9, appellant argues that this is a sentencing statute that must be strictly construed in his favor. This argument misapplies *Phillips* and is contradicted by the above holding of the Ohio Supreme Court indicating classification hearings under Megan's Law are civil in nature. Classification under Megan's Law is not a criminal proceeding, and the statutes governing the conduct of such hearings are not criminal statutes. As such, they will not be strictly construed in appellant's favor.

**{¶28}** Under Megan's Law, the trial court is required to hold a hearing to determine how an offender who commits a sexually oriented offense should be classified: a sexually oriented offender, a habitual sexual offender, or a sexual predator. Former R.C. 2950.09; *State v. Malone*, 8th Dist. Cuyahoga Nos. 101701 and 101702, 2015-Ohio-1379, ¶ 10.

> A "sexually oriented offender" is a person "who has committed a 'sexually oriented offense' as defined in R.C. 2950.01(D), and does not meet the definition of either a habitual sex offender or sexual predator." [*State v. Williams*, 88 Ohio St.3d 513, 518, 728 N.E.2d 342 (2000)].
>
> A "habitual sex offender" is a person who has been convicted of or pleaded guilty to a sexually oriented offense and who previously has been convicted of or pleaded guilty to one or more sexually oriented offenses. R.C. 2950.01(B); *Williams* at 518, 728 N.E.2d 342.
>
> Finally, a "sexual predator" is a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. R.C. 2950.01(E); *Williams* at 518-519, 728 N.E.2d 342.

*Wilson* at ¶ 13-15.

**{¶29}** Former R.C. 2950.09(B)(3) listed ten factors for a court to consider in determining whether a sexual offender is a sexual predator: (1) age, (2) criminal record, (3) the age of the victim, (4) the number of victims, (5) whether the offender used drugs or alcohol to impair the victim, (6) if the offender has previously been convicted of a crime, whether he completed his sentence, and if the prior offense was a sexually oriented offense, whether he completed a sex-offender program, (7) mental health history, (8) the nature of the offender's sexual contact with the victim, (9) whether the offender displayed cruelty or made threats of cruelty, and (10) any other "behavioral characteristics" that contribute to the offender's actions. Former R.C. 2950.09(B)(3)(a)-(j). A court has discretion to determine what weight, if any, it will assign to each factor, and under former R.C. 2950.09(B)(3)(j), may consider other "characteristics that contribute to the offender's conduct." *State v. Thompson*, 92 Ohio St.3d 584, 752 N.E.2d 276 (2001), paragraph one of the syllabus. The state must prove that an offender is a sexual predator by clear and convincing evidence. *Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 20, citing former R.C. 2950.09(B)(4).

**{¶30}** The court made the following statements before classifying appellant as a sexual predator:

> I am marking the report from our court clinic as Court Exhibit 1. What's relevant as far as my determination there, it indicates that Mr. Pluhar has alcohol use disorder severe and sustained remission because he's going through his 12-step program.
>
> He's in the low — I'm sorry. Moderate-low risk category according to their actuarial instruments.

And then percent of risk, 9 percent in five years, 13 percent over ten years and 16 percent chance of reoffending over 15 years.

They found the following risk factors[:] * * * unrelated victims, prior offenses, and substance abuse problems.

Things that indicated a lower risk, no prior sex offenses. He had never failed to complete sex offender treatment. He had no preference for children. And he is over age 35. The victims were adult females.

He did not present signs and symptoms of antisocial personality disorder.

And he has cohabitated. Here's what I find significant with respect to the statute 2950.09(b)(2). Factors that indicate that he should be considered a sexually oriented offender, his age, over 35, age of the victims, adults, and he has alcohol disorder. He's low-moderate risk of reoffending. Indicators to this Court that he is or may be considered to be a sexual predator, he has prior convictions under subsection B, multiple victims under D, and whether he used drugs or alcohol to impair the victim or to prevent the victim from resisting. He was present, knew that the people were impaired. And he violated sanctions. So that's a factor under F.

Under H, the nature of his sexual conduct. The victims were impaired. This was a demonstrated pattern of abuse.

Under I, displayed cruelty. He humiliated at least one victim. Additional behavior under J, he accused another person and testified against him or wrote a case out against another person which caused that person to being charged for the offenses that he knew, in fact, full well he committed.

The Court finds this defendant committed a sexually oriented offense

on or after January 1, 1997, and after weighing the foregoing evidence

including Court Exhibit 1 that the parties are stipulating to the Court finds

that there is clear and convincing evidence that the defendant is likely to

engage in the future in one or more sexually oriented offenses. He will be

classified as a sexual predator. This occurred over about a one year period.

And that classification is warranted.

**{¶31}** Appellant claims the factors found by the court are not supported by clear and convincing evidence. Specifically, appellant complains that the court could not take into consideration appellant's actions in blaming the victim's brother for a rape committed by appellant and that appellant demonstrated cruelty toward the victims. Appellant also claims there is no evidence he administered the drugs that caused his victims' unconsciousness.

**{¶32}** Here, the findings made by the court are supported by some competent, credible evidence. Appellant examines the wording of the statute with a hypertechnical eye and a lack of common sense that not all the factors will apply exactly as written to every crime. The legislature did not intend such a reading. It clearly indicated this when it included wording in former R.C. 2950.09(B)(3) that "the judge shall consider all relevant factors, including, but not limited to" the ten factors listed in the statute.

**{¶33}** Appellant's actions in blaming the first victim's brother is a proper consideration for the trial court. It demonstrates appellant's willingness to make false statements in order to evade prosecution. This certainly is relevant to determining the truthfulness of statements made by appellant to those examining and evaluating appellant for purposes of the sexual classification hearing.

**{¶34}** Appellant claims there is no evidence that he incapacitated the victims, so the court's finding in this regard is clearly erroneous. However, former R.C.

2950.09(B)(3)(e) asks "[w]hether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting[.]" Here, the victims were incapacitated by drugs and/or alcohol during the incidents. The trial court did not state that appellant administered these drugs. It merely stated that appellant knew of the unconscious state of the victims. He used the victims' incapacitation to prevent them from resisting. This is certainly in the same vein as the statutory factor listed in former R.C. 2950.09(B)(3)(e).

{¶35} Appellant's actions humiliated at least one of the victims as found by the court. Appellant wishes to limit such considerations of his actions to only those that occurred during the rape. However, there is no reason to so limit the trial court's consideration when making a difficult determination that attempts to predict future behavior. After appellant raped the first victim, he later told her that, essentially, he would have liked it more if she had been awake. Appellant claims the court cannot consider this comment as justification for classifying appellant as a sexual predator. This comment is a valid consideration for the trial court. It demonstrates appellant's cruelty, callousness, and the lack of remorse for what he did. The fact that appellant didn't think what he did was wrong, as demonstrated by his comment, certainly should inform the court about appellant's willingness to do such things in the future.

{¶36} Appellant also reiterates the points made by counsel at the sexual classification hearing that are to his advantage. However, it is the trial court's

prerogative to assign particular weight to certain factors in making its determination. So long as the court's findings are supported in the record, this court will not reverse.

**{¶37}** The trial court's findings are supported by some competent, credible evidence in the record. Therefore, appellant's fifth assignment of error is overruled.

### III. Conclusion

**{¶38}** Appellant's guilty pleas were made knowingly because the court was not required to inform appellant about civil, collateral consequences such as sexual reporting requirements under Megan's Law prior to accepting those pleas. Appellant's 18-year combined sentence is also not clearly and convincingly contrary to law. Finally, the trial court did not err when it classified appellant as a sexual predator.

**{¶39}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

FRANK D. CELEBREZZE, JR., ADMINISTRATIVE JUDGE

TIM McCORMACK, J., and
ANITA LASTER MAYS, J., CONCUR