[Cite as *State v. Smith*, 2016-Ohio-103.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 102495

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DEONDRE SMITH

DEFENDANT-APPELLANT

---

### JUDGMENT:
### AFFIRMED IN PART, REMANDED IN PART

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-589073-A

**BEFORE:** Laster Mays, J., Celebrezze, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** January 14, 2016

**ATTORNEY FOR APPELLANT**

Rick L. Ferrara
2077 East 4th Street, 2nd Floor
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEE**

Timothy McGinty
Cuyahoga County Prosecutor

By: Edward D. Brydle
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

ANITA LASTER MAYS, J.:

{¶1} Defendant-appellant Deondre Smith ("Smith") pleaded guilty to two counts of felonious assault in violation of R.C. 2903.11(A)(2), felonies of the second degree with a three-year firearm specification and one count of attempting to have a weapon while under disability in violation of R.C. 2923.13(A)(3), a felony of the fourth degree. The court imposed an 11-year prison term for the felonious assault convictions with the firearm specification and a 6-month concurrent term on the attempting to have a weapon while under disability. Although the sentencing journal entry imposes costs, the trial court did not impose costs during the sentencing hearing.

{¶2} After a review of the record, we agree with the trial court and affirm on assignments of error one, three, four, five, six, and seven, but remand to the trial court to correct the journal entry for assignment of error two. Smith assigns seven errors for our review.

1. The appellant's sentence is clearly and convincingly not supported by the record and is contrary to law.

2. The trial court erred by ordering appellant to pay costs.

3. The trial court violated Crim.R. 11 inducing appellant to plea, and accepting appellant's plea to an offense not bargained for, clearly showing appellant's misunderstanding of the nature of the plea.

4. The trial court erred in unlawfully sentencing appellant to a felony of the second degree with a three-year firearm specification, when in fact appellant only pled guilty to a one-year specification.

5.  The trial court erred in denying appellant's motion to withdraw his guilty plea.

6.  Defense counsel was ineffective for failure to properly advise appellant of the nature of the plea agreement.

7.  The trial court erred when it failed to merge allied offenses of similar import.

## I.  Facts and Procedural Posture

{¶3}  During a visit to a barbecue restaurant, Smith witnessed one of the employees, with whom he was sexually involved, engage in a verbal altercation with her husband.  Smith was not involved in this discussion and left the restaurant.  When the husband exited the restaurant, Smith fired several shots at him, shooting the husband in the leg.  Smith then ran away from the scene.  This is the second time that Smith has been involved in a shooting at this restaurant.  In 2011, he was incarcerated for 18 months for shooting at the restaurant.

{¶4} As a result of the shooting, Smith was indicted on two counts of felonious assault both with one-and three-year firearm specifications and one count of having weapons while under disability.  On the day of trial, Smith pleaded guilty to felonious assault with a three-year specification as well as an amended charge of attempted having weapons while under disability, and was sentenced to 11 years in prison.  Six days after sentencing, Smith filed a postconviction pro se motion to withdraw the guilty plea and enter a plea of not guilty.  The trial court denied the motion.  As a result, Smith filed this timely appeal.

## II.     Insufficient Sentencing

### A.     Standard of Review

{¶5} R.C. 2953.08 sets forth the parameters of an appellate court's review of felony sentences.  It includes categories of sentences that may be appealed such as consecutive sentences under R.C. 2953.08(C)(1) or a maximum sentence under R.C. 2953.08(A).   R.C. 2953.08(G)(1) provides, in part, that the appellate court's standard for review is not whether the sentencing court abused its discretion; rather, if this court "clearly and convincingly" finds that "the record does not support the sentencing court's findings under R.C. 2929.14(C)(4)," or that "the sentence is otherwise contrary to law," then this court "may increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing."   *State v. Pluhar*, 8th Dist. Cuyahoga No. 102012, 2015-Ohio-3344, ¶ 13.

### B.     Law and Analysis

{¶6} In his first assignment of error, Smith argues that his sentence was not supported by the record and is contrary to law.  He requested that his sentence be modified to the minimum term of five years instead of the maximum 11 years on the felonious assault.   However, the trial court did not give Smith the maximum of 11 years, but eight years on the felonious assault and three years on the firearm specification.   The trial court used R.C. 2929.11(A) in its sentencing analysis, which states,

> The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government

resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

The trial court judge explained to Smith that his actions permanently affected the victim who no longer can work as a landscaper, has post-traumatic stress disorder, and has limited use of his leg as a result of being shot. The record reflects that Smith had been involved in a previous shooting at this same establishment, it is reasonable that the court sentenced him to eight years on the felony assault. Thus, the record clearly and convincingly supports the trial court's findings, and the sentence is not contrary to law. Smith's first assignment of error is overruled.

## III. Court Costs

{¶7} In his second assignment of error, Smith argues that the court erred by ordering him to pay costs even though he was declared indigent. The state concedes that court costs were imposed upon Smith via the journal entry but not done so on the record in the presence of Smith. In these scenarios, this court has remanded the case back to the trial court for the sole purpose of providing Smith the opportunity to seek a waiver of courts costs. *State v. Ellis*, 8th Dist. Cuyahoga No. 100896, 2014-Ohio-4812, ¶ 3. The state would concur with this limited remand.

## IV. Accepting a Plea

### A. Standard of Review

{¶8} The standard for determining whether a trial court properly accepts a plea is whether the court substantially complied with Crim.R. 11. *State v. Stewart*, 51 Ohio

St.2d 86, 364 N.E.2d 1163 (1977). "Substantial compliance means that under the totality of the circumstances the defendant objectively understands the implication of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "A defendant who challenges his guilty pleas on the basis that it was not knowingly, intelligently, or voluntarily made must show prejudicial effect." *Id*. In *State v. Rainey*, 3 Ohio App.3d 441, 446 N.E.2d 188 (1982), the court stated that,

> "in order for a trial court to determine that a defendant is making a plea with an understanding of the nature of the charge to which he is entering a plea, it is not always necessary that the trial court advise the defendant of the elements of the crime, or to specifically ask the defendant if he understands the charge, so long as the totality of the circumstances are such that the trial court is warranted in making a determination that the defendant understands the charge."

*State v. Davis*, 133 Ohio App.3d 511, 728 N.E.2d 1111 (8th Dist.1999).

### B. Law and Analysis

{¶9} In his third assignment of error, Smith argues that the court violated Crim.R. 11 in inducing him to plea, and accepting his plea to an offense not bargained for, when he clearly showed that he misunderstood the nature of the plea. In his fourth assignment of error, Smith argues that the trial court erred in unlawfully sentencing him to a felony of the second degree with a three-year firearm specification, when in fact he only pled guilty to a one-year specification. We will review these two assignment of errors together.

> In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following: (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing. (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence. (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

Crim.R. 11.

{¶10} In this case, the trial court judge complied with all the standards of Crim.R. 11. Each time the judge asked Smith if he understood that he was pleading guilty and what he was pleading guilty to, Smith replied in the affirmative. On page 10 of the trial transcript, the judge asked Smith if he understood the "offenses to which you are going to plead guilty and the potential penalties." To which Smith replied that he did. Then the

judge read Count 1 of the plea verbatim, including the three-year gun specification. Smith, however, argues that when the judge restated the plea for the second time, instead of saying three-year gun specification, she said one-year gun specification. Smith is correct, however, the trial court corrected itself twice. The court's misstatement constituted a harmless error and did not effect a substantial right. Crim.R. 52(A) states that we may disregard "any error, defect, irregularity, or variance which does not affect substantial rights." *State v. Jackson*, 8th Dist. Cuyahoga No. 102394, 2015-Ohio-4274, ¶ 23.

{¶11} Smith must also show there exists a prejudicial effect resulting from the trial judge accepting his guilty plea. The test for prejudice is "whether the plea would have otherwise been made." *Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 at 108. Because the trial judge explicitly and clearly explained Smith's rights and the results of his guilty plea, we cannot conclude that he would not have pleaded guilty. There is no evidence on the record that the trial judge did not comply in any way with the standards set forth in Crim.R. 11. Smith understood the nature of his guilty plea and the trial court did not unlawfully sentence him. Therefore, assignments of error three and four are overruled.

## V. Motion to Withdraw Guilty Plea

### A. Standard of Review

{¶12} A motion to withdraw a guilty plea is governed by the standards set forth in Crim.R. 32.1, which provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court

after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992).

**{¶13}** The decision to grant or deny a Crim.R. 32.1 motion is committed to the sound discretion of the trial court. *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977), at paragraph two of the syllabus. We will not reverse a trial court's decision absent an abuse of discretion. *Id*. citing *Xie* at 584. A trial court abuses its discretion when its judgment is unreasonable, arbitrary, or unconscionable. *State v. Armstrong*, 8th Dist. Cuyahoga No. 101961, 2015-Ohio-3343, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

### B. Law and Analysis

**{¶14}** In his fifth assignment of error, Smith argues that the trial court erred in denying appellant's motion to withdraw his guilty plea. Smith believes that his guilty plea was induced by the court and his attorney because his attorney told him he would only be sentenced to five years on the felonious assault. He argues that the court should have conducted a hearing on his motion and that because it did not, his plea should be vacated. "A post-conviction Crim.R. 32.1 motion to withdraw a guilty plea should be granted, only in extraordinary cases, to correct a manifest injustice." Crim.R. 32.1.; *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977). The "manifest injustice" standard is an extremely high standard, which permits the withdrawal of a guilty plea only in extraordinary cases. *Id*. at 264.

**{¶15}** Smith has misinterpreted the law. A hearing is not mandatory in a postconviction motion to withdraw a guilty plea. *State v. Tucker*, 8th Dist. Cuyahoga No. 90799, 2008-Ohio-5746, ¶ 23. It is well within the trial court's discretion to deny his motion to withdraw his guilty plea. His plea was not induced by the court or by his attorney. The trial judge explained to Smith several times what the minimum and maximum sentences were for his convictions. The court thoroughly explained the plea deal that was being offered by the prosecution, and the court asked Smith numerous times if he understood and agreed. In addition, the court asked him if he had any questions about the plea agreement. The only issue Smith raised was that he wanted to have people, including his mother, speak on his behalf at sentencing. Smith said he understood and agreed to everything the judge said. There is no indication in the record that a manifest injustice occurred during his plea. For this reason, we overrule Smith's fifth assignment of error.

## VI. Ineffective Assistance of Counsel

### A. Standard of Review

**{¶16}** In order to substantiate a claim of ineffective assistance of counsel, the appellant must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defendant so as to deprive him of a fair trial. *State v. Trimble*, 122 Ohio St.3d 297, 2009-Ohio-2961, 911 N.E.2d 242, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Judicial scrutiny of defense counsel's performance must be highly deferential. *Strickland*, at

689. In Ohio, there is a presumption that a properly licensed attorney is competent. *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999).

### B. Law and Analysis

{¶17} Smith argues in his sixth assignment of error that his defense counsel was ineffective for failure to properly advise Smith of the nature of the plea agreement. In order to show ineffective assistance of counsel, a defendant must show that counsel's representation fell below an objective standard of reasonableness and that counsel's errors were so serious that there is a reasonable probability that, but for counsel's unprofessional errors, the results of the trial court would have been different. *State v. Williams*, 74 Ohio App.3d 686, 694, 600 N.E.2d 298 (8th Dist.1991). Smith submits to the court that he was misled as to the nature of his possible prison term. He claims that his attorney told him he would not receive more than five years. He contends that if he knew he would receive more than five years, he would not have pled guilty.

{¶18} Smith has to show that his attorney's conduct was deficient and that the deficiency deprived him of a fair trial. There is no record of Smith's attorney telling him that he would receive a five-year sentence. However, if we take Smith's word that his attorney said this, his claim for ineffective assistance still fails under the second requirement. Even if Smith's attorney told him this, the judge, on record, explained in meticulous detail the range of time of incarceration he could expect to receive. On pages 13 and 14 of the trial transcript, the judge says,

> I'm going to review that with you, sir. It's proposed you will plead guilty to Count 1, felonious assault, with a three-year gun specification. The one-year

gun specification will be nolled or dismissed. So that's in violation of 2903.11(A)(2). It's a felony of the second degree. First you would have to serve years with the gun specification and when you are done with that, you would serve anywhere from 2 to 8 on top of it; do you understand that?

To which Smith replied that he understood. The judge stated to Smith that the minimum amount of time he would receive is five years and the maximum is 11 years. Smith again responded that he understood. At sentencing, the judge asks Smith if any "threats or promises" have been made to him to induce him to plead guilty. (Tr. 17.) Smith responded, "no ma'am." Smith was fully aware of the potential penalties of pleading guilty. The record does not support a deficient performance that would have deprived him of a fair trial. Therefore, Smith's sixth assignment of error is overruled.

## VII. Allied Offenses

### A. Standard of Review

{¶19} In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, the Ohio Supreme Court recently clarified the test a trial court and a reviewing court must employ in determining whether offenses are allied offenses that merge into a single conviction, stating:

> When the defendant's conduct constitutes a single offense, the defendant may be convicted and punished only for that offense. When the conduct supports more than one offense, however, a court must conduct an analysis of allied offenses of similar import to determine whether the offenses merge or whether the defendant may be convicted of separate offenses. R.C. 2941.25(B). A trial court and the reviewing court on appeal when considering whether there are allied offenses that merge into a single conviction under R.C. 2941.25(A) must first take into account the conduct of the defendant. In other words, how were the offenses committed? If any of the following is true, the offenses cannot merge and the defendant may be convicted and sentenced for multiple offenses (1) the offenses are

dissimilar in import or significance — in other words, each offense caused separate, identifiable harm; (2) the offenses were committed separately; and (3) the offenses were committed with separate animus or motivation. At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct. The evidence at trial or during a plea or sentencing hearing will reveal whether the offenses have similar import. When a defendant's conduct victimizes more than one person, the harm for each person is separate and distinct, and therefore, the defendant can be convicted of multiple counts. Also, a defendant's conduct that constitutes two or more offenses against a single victim can support multiple convictions if the harm that results from each offense is separate and identifiable from the harm of the other offense. We therefore hold that two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable. *Id*. at ¶ 24-26. *State v. Sutton*, 8th Dist. Cuyahoga Nos. 102300 and 102302, 2015-Ohio-4074, ¶ 57.

## B.    Law and Analysis

**{¶20}** Smith argues in his seventh assignment of error that the trial court erred when it failed to merge allied offenses of similar import. While Smith contends that the count for attempted having a weapon under disability and the felonious assault count should be merged because he was punished twice for using a firearm in an assault. The having a weapon while under disability statute Smith pleaded guilty to states,

Unless relieved from disability under operation of law or legal process, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply: The person is under indictment for or has been convicted of any felony offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse.

R.C. 2923.13(A)(3).

The felonious assault statute states, "No person shall knowingly do either of the following: cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance." R.C. 2903.11(A)(2). These are not allied offenses. Smith was charged with R.C. 2923.13(A)(3) because he was convicted of drug possession twice in 2007. As a result, it is illegal for him to have a firearm. In order to determine whether offenses should merge as the same offense, it must first be determined if each offense caused separate or identifiable harm, were committed separately, or were committed with separate animus or motivation. Once Smith was in possession of the firearm, he was in violation of the having a weapon while under disability statute. This offense has nothing to do with the felonious assault because it was committed separate from the felonious assault. Having possession of the firearm occurred long before the felonious assault was committed against the victim. Smith's seventh assignment of error is overruled.

## VII. Conclusion

{¶21} Assignments of error one, three, four, five, six, and seven, are affirmed and this court finds no lawful reason to reverse Smith's conviction. With respect to assignment of error two, we remand to the trial court for the sole purpose of providing Smith the opportunity to seek a waiver of courts costs.

It is ordered that appellant and appellee equally split the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
EILEEN T. GALLAGHER, J., CONCUR IN
JUDGMENT ONLY