[Cite as *State v. Karlowicz*, 2016-Ohio-925.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 102832

# STATE OF OHIO

### PLAINTIFF-APPELLEE

vs.

# ROBERT KARLOWICZ

### DEFENDANT-APPELLANT

### JUDGMENT:
### AFFIRMED IN PART, REVERSED IN PART, AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-06-488203-A, CR-06-488306-A,
CR-06-488686-A, and CR-14-582545-A

**BEFORE:** Laster Mays, J., Kilbane, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** March 10, 2016

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Public Defender

By:   Paul Kuzmins
Cullen Sweeney
Cuyahoga County Public Defenders
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:   Anthony Thomas Miranda
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

ANITA LASTER MAYS, J.:

{¶1} On February 26, 2014, defendant-appellant Robert Karlowicz ("Karlowicz") pleaded no contest to three counts of identity fraud, fifth-degree felonies, in violation of R.C. 2913.49(B)(1) and (2). The trial court found Karlowicz guilty and sentenced him to two years of community control. On July 17, 2014, Karlowicz was found in violation of the community control. As a result, the trial court imposed the suspended prison sentence of twelve months for each of the three counts. In addition, the trial court revoked his judicial release from a 2007 sentence, and ordered that the sentences from all four cases run consecutively. Karlowicz appeals the trial court's decision.

{¶2} After a review of the record, the first assignment of error is overruled and we affirm. We sustain the second assignment of error, Karlowicz's judgment of conviction is reversed, and this case is remanded to the trial court for resentencing on the merged counts.

{¶3} Karlowicz assigns two assignments of error for our review:

I. The trial court erred in imposing the maximum sentence in this case without considering the sentencing factors in R.C. 2929.12.

II. The trial court erred in ordering consecutive sentences in counts one and two in this case as counts one and two are allied offenses.

I. Facts and Procedural Posture

{¶4} In 2007, Karlowicz pleaded guilty to robbery in Cuyahoga C.P.

No. CR-06-488686, grand theft of a motor vehicle in Cuyahoga C.P. No. CR-06-488306, and escape in Cuyahoga C.P. No. CR-06-488203. He was sentenced to 8-1/2 years for all three cases. After serving five years, the trial court granted Karlowicz judicial release. He was ordered to complete drug treatment as part of community control sanctions. Karlowicz relapsed and failed to complete the treatment. In 2013, as a result of his relapse, he was ordered to appear in court. The trial court ordered Karlowicz back into treatment and added additional community control sanctions.

{¶5} On January 22, 2014, Karlowicz was a passenger in a motor vehicle that was pulled over by a Parma police officer. During the stop, Karlowicz identified himself as his brother, Shane Karlowicz ("Shane"), and displayed his brother's state identification card as his own. Karlowicz was cited by a Parma police officer for open container and consumption in a motor vehicle. Sometime after this stop, Shane reported his identification card missing, and explained to the Parma Police Department ("PPD") that he never gave Karlowicz permission to use his identification. The PPD issued an arrest warrant for Karlowicz for identity fraud.

{¶6} On February 7, 2014, Karlowicz identified himself to PPD as Shane while a passenger during a traffic stop. Karlowicz was immediately taken into custody after confirmation of the outstanding warrant. Karlowicz did not have Shane's identification card with him, but told PPD that Shane had given him permission to use it.

{¶7} On February 27, 2014, Karlowicz pleaded no contest to three counts of identify fraud in Cuyahoga C.P. No. CR-14-582545. He was found guilty and sentenced

to two years of community control. On July 17, 2014, the trial court found that Karlowicz violated his community control sanctions and sentenced him to 12 months for each count of identity fraud and ordered that they be served consecutively to each other, and consecutively to the remainder of the eight and one-half year sentence from Cuyahoga C.P. Nos. CR-06-488203, CR-06-488306, and CR-06-488686. Karlowicz was sentenced to a total of five years and 11 months. He filed this timely appeal.

## II. Maximum Sentences

{¶8} "R.C. 2953.08 sets forth the parameters of an appellate court's review of felony sentences." *State v. Smith*, 8th Dist. Cuyahoga No. 102495, 2016-Ohio-103, ¶ 5. It includes categories of sentences that may be appealed such as consecutive sentences under R.C. 2953.08(C)(1) or a maximum sentence under R.C. 2953.08(A).

> R.C. 2953.08(G)(1) provides, in part, that the appellate court's standard for review is not whether the sentencing court abused its discretion; rather, if this court "clearly and convincingly" finds that "the record does not support the sentencing court's findings under R.C. 2929.14(C)(4)," or that "the sentence is otherwise contrary to law," then this court "may increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing."

*State v. Pluhar*, 8th Dist. Cuyahoga No. 102012, 2015-Ohio-3344, ¶ 13.

{¶9} The trial court has the full discretion to impose any term of imprisonment within the statutory range, but it must consider the sentencing purposes in R.C. 2929.11 and the guidelines contained in R.C. 2929.12. *State v. Holmes*, 8th Dist. Cuyahoga No. 99783, 2014-Ohio-603, ¶ 8.

{¶10} R.C. 2929.11(A) provides that the "overriding purposes of felony sentencing

are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes." In addition to the provisions R.C. 2929.11(A), R.C. 2929.11(B) requires that a sentence must be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim."

{¶11} Karlowicz contends that the trial court erred in imposing the maximum sentence without considering the sentencing factors in R.C. 2929.12, which states,

> Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct, the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism, and the factors set forth in division (F) of this section pertaining to the offender's service in the armed forces of the United States and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.

{¶12} "Indeed, although there is a mandatory duty to consider the statutory factors, the trial court is not required to explain its analysis of those factors in a given case." *State v. Kronenberg*, 8th Dist. Cuyahoga No. 101403, 2015-Ohio-1020, ¶ 27. "And this court has consistently recognized that a trial court's statement in the journal entry that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes." *Id.*, citing *State v. Kamleh*, 8th Dist. Cuyahoga No. 97092, 2012-Ohio-2061, ¶ 61.

**{¶13}** The trial court did consider the statutory factors in sentencing him to a maximum sentence. On page 70 of the trial court transcript, the court states,

> I find that these consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger that he poses to the public. I think it's also appropriate in light of the fact that having been given judicial release and having violated and not taken advantage of the opportunities that were presented on judicial release, it's only appropriate to impose these consecutive sentences.

Thus, the trial court considered the purposes and principles in accordance with R.C. 2929.11 and the seriousness and recidivism factors as set forth in R.C. 2929.12. In light of the trial court's colloquy, we find no merit in appellant's first assignment of error. The assignment of error is overruled.

### III. Allied Offenses

**{¶14}** "The reviewing court on appeal when considering whether there are allied offenses that merge into a single conviction under R.C. 2941.25(A) must first take into account the conduct of the defendant." *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 25.

> In other words, how were the offenses committed? If any of the following is true, the offenses cannot merge and the defendant may be convicted and sentenced for multiple offenses: (1) the offenses are dissimilar in import or significance — in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, and (3) the offenses were committed with separate animus or motivation. *Id.*

**{¶15}** In his second assignment of error, Karlowicz argues that the trial court erred in ordering consecutive sentences in counts one and two because counts one and two are allied offenses.

When the defendant's conduct constitutes a single offense, the defendant may be convicted and punished only for that offense. When the conduct supports more than one offense, however, a court must conduct an analysis of allied offenses of similar import to determine whether the offenses merge or whether the defendant may be convicted of separate offenses.

*Ruff* at ¶ 24. In order to determine whether offenses should merge as the same offense, it must first be determined if each offense caused separate or identifiable harm, were committed separately, or were committed with separate animus or motivation.

{¶16} Karlowicz was found guilty of violating R.C. 2913.49(B)(1), which states, "[n]o person, without the express or implied consent of the other person, shall use, obtain, or possess any personal identifying information of another person with intent to do either of the following: [h]old the person out to be the other person." In addition he was found guilty of violating R.C. 2913.49(B)(2), "[n]o person, without the express or implied consent of the other person, shall use, obtain, or possess any personal identifying information of another person with intent to do either of the following: [r]epresent the other person's personal identifying information as the person's own personal identifying information."

{¶17} When PPD stopped Karlowicz on January 22, 2014, they asked for his name and identification. Karlowicz told PPD that his name was "Shane," his brother's name. He then used his brother's identification card as his own. Karlowicz was trying to hold out to be his brother by representing his brother's personal identifying information. He gave his brother's name and used the identification card to bolster his claims.

**{¶18}** The state charged Karlowicz with three counts of identity fraud; two counts from the January 22nd incident and one count from the February 7th incident. The state argues that Karlowicz using his brother's name and then displaying Shane's identification card are two separate offenses. This argument

fails for the following reasons. Karlowicz told the police he was Shane, and produced Shane's identification card. These two actions were committed out of the same animus and motivation: to hold out to be someone else, i.e., Shane. There is only one identifiable harm, the identity fraud of Shane. These offenses were not committed separately but rather at the same time. We conclude that the two offenses that occurred on January 22, 2014 are allied offenses.

**{¶19}** Karlowicz was sentenced to twelve months for each count and ordered that they be served consecutively.

> If, upon appeal, a court of appeals finds reversible error in the imposition of multiple punishments for allied offenses, the court must reverse the judgment of conviction and remand for new sentencing hearing at which the state must elect which allied offense it will pursue against the defendant. On remand, trial courts must address any double jeopardy protections that benefit the defendant.

*State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 25.

**{¶20}** Therefore, we reverse the judgment of conviction and remand for a new sentencing hearing, at which the state must elect which allied offense it will sentence Karlowicz. Karlowicz's second assignment of error is sustained.

**{¶21}** Judgment is affirmed in part, reversed and remanded in part to the trial court for further proceedings consistent with this opinion.

It is ordered that the appellee and appellant split the costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, JUDGE

MARY EILEEN KILBANE, P.J., and
EILEEN T. GALLAGHER, J., CONCUR