[Cite as *State v. Ortiz-Rojas*, 2016-Ohio-5138.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103688**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ADALBERTO J. ORTIZ-ROJAS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-593364-A

**BEFORE:** S. Gallagher, P.J., Blackmon, J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** July 28, 2016

**ATTORNEY FOR APPELLANT**

Michael H. Murphy
20325 Center Ridge Road
Suite 512
Rocky River, Ohio    44116


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:    Marc Bullard
Assistant Prosecuting Attorney
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio    44113

SEAN C. GALLAGHER, P.J.:

**{¶1}** Adalberto J. Ortiz-Rojas appeals his 18-month prison sentence, following a guilty plea to the third-degree felony of trafficking, claiming that the trial court erred by not finding the presumption of a prison sentence, found in R.C. 2925.03(C)(4)(d), had been rebutted under R.C. 2929.13(D)(2). Ortiz-Rojas is not challenging any aspect of his guilty plea. We cannot review the single assignment of error as presented and, therefore, affirm the conviction.

**{¶2}** A defendant enjoys only a limited right to appeal sentences under R.C. 2953.08. *State v. Marcum*, Slip Opinion No. 2016-Ohio-1002, ¶ 22. For example, the defendant has the right to appeal any sentence consisting of the maximum term allowed for an offense, any prison sentence imposed for a fourth- or fifth-degree felony in certain situations, a sentence stemming from certain violent sex offenses, or any sentence that included an additional prison term imposed pursuant to R.C. 2929.14(B)(2)(a). R.C. 2953.08(A); *State v. Ongert*, 8th Dist. Cuyahoga No. 103208, 2016-Ohio-1543, ¶ 8. None of those provisions apply to the current case.

**{¶3}** The only other grounds to support an appeal of a final sentence is if the sentence is contrary to law. R.C. 2953.08(A)(4). A sentence is contrary to law if (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. *Id.* at ¶ 9, citing *State v. Price*,

8th Dist. Cuyahoga No. 103023, 2016-Ohio-591, ¶ 12; *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 10, citing *State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520.

{¶4} A trial court need only consider the sentencing factors pursuant to R.C. 2929.11 and 2929.12 and need not make findings in support of that consideration. *Ongert* at ¶ 12, citing *State v. Karlowicz*, 8th Dist. Cuyahoga No. 102832, 2016-Ohio-925. A sentence within the bounds of the law cannot be deemed contrary to law because a defendant disagrees with the trial court's discretion to individually weigh the sentencing factors. *Id.*; *see also State v. D.S.*, 10th Dist. Franklin No. 15AP-790, 2016-Ohio-2856, ¶ 15 ("Although appellant appears to disagree with the trial court's analysis and application of the purposes and principles of sentencing set forth by R.C. 2929.11 and the statutory factors set forth by R.C. 2929.12, such disagreement does not make a sentence that falls within the applicable statutory range contrary to law.") As long as a trial court considered all sentencing factors, the sentence is not contrary to law, and the record therefore supports the sentence. *Marcum* at ¶ 23.

{¶5} In this case, Ortiz-Rojas claims the trial court ignored mitigating factors he presented at the sentencing hearing for the purpose of rebutting the presumption of a prison sentence under R.C. 2929.13(D)(2).[1] Essentially, Ortiz-Rojas complains that the

---

[1] R.C. 2929.13(D)(2) provides that notwithstanding the presumption that prison is necessary to comply with the sentencing principles and factors under R.C. 2929.11, the trial court may impose community control sanctions only if the trial court makes certain findings enumerated in that subdivision.

trial court did not give greater weight to the factors he deemed more relevant — his lack of a felony criminal record and his remorse over his involvement in the crime, all of which were presented at the sentencing hearing. The weight given to any one sentencing factor is purely discretionary and rests with the trial court. All that R.C. 2929.11 and 2929.12 require is for the trial court to consider the factors. *Ongert* at ¶ 10; *State v. Montanez-Roldon*, 8th Dist. Cuyahoga No. 103509, 2016-Ohio-3062, ¶ 10-11 (R.C. 2953.08 precluded appellate review of the trial court's discretion in weighing the consistency in sentencing principles under R.C. 2929.11(B) because the final sentence was within the applicable statutory range and the trial court expressly indicated it considered all the required statutory factors and principles).[2]

{¶6} The trial court in this case, at both the sentencing hearing and again in the final sentencing entry, expressly considered all factors at law before imposing the mid-range sentence for a third-degree felony offense. Further, R.C. 2929.13(D)(1) creates a presumption that a "prison term is necessary in order to comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code." The record in this case supports the statutorily authorized sentence, which is not otherwise

---

[2] Panels from this court have gone so far as to conclude, albeit in the context of resolving a motion to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), that attempting to challenge the trial court's discretion to weigh individual sentencing factors under R.C. 2929.11 and 2929.12 is wholly frivolous in situations in which the trial court, at the sentencing hearing and in the final entry of conviction, states that it "considered all required factors of law" before imposing a sentence within the applicable statutory range. *State v. Torres*, 8th Dist. Cuyahoga No. 101769, 2015-Ohio-2038, ¶ 11; *State v. Hayes*, 8th Dist. Cuyahoga No. 103507, 2016-Ohio-2639, ¶ 19-20.

contrary to law because the trial court expressly considered all of the required sentencing principles and factors. *Marcum* at ¶ 23. We cannot review the sentence.

{¶7} We acknowledge that Ortiz-Rojas's argument implicates R.C. 2929.13(D)(2) and that R.C. 2953.08(G)(2) provides that an appellate court may not modify, vacate, or otherwise alter a final sentence unless it clearly and convincingly finds in its review "[t]hat the record does not support the sentencing court's findings under division (B) or (D) of 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant.*"* (Emphasis omitted.) *Marcum*, Slip Opinion No. 2016-Ohio-1002, ¶ 9. Nevertheless, Ortiz-Rojas is not appealing the findings made pursuant to R.C. 2929.13(D)(2), but instead is appealing the lack of findings and the failure to impose community control sanctions instead of a prison term. Nothing in R.C. 2953.08(G)(2) authorizes this form of review. Findings are only required if the trial court imposed community control sanctions on a third-degree felony trafficking conviction in lieu of a prison sentence. The trial court in this case followed the presumption and imposed a mid-range prison term.

{¶8} Ortiz-Rojas's arguments are limited to reviewing the trial court's discretion used in weighing the sentencing factors for which there is a statutory presumption that those factors weigh in favor of a prison term. There is no statutory basis for us to review this aspect of the sentencing in light of the presumption, and especially after all statutory obligations were satisfied when the trial court expressly considered all the required factors of law before imposing a mid-range sentence on a third-degree felony offense.

Our review is limited, and Ortiz-Rojas is not claiming his sentence is otherwise contrary to law. R.C. 2953.08 specifically precludes review of the imposed sentence, and therefore, we must affirm.

It is ordered that appellee recover from appellant costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., and
ANITA LASTER MAYS, J., CONCUR