[Cite as *State v. Ledbetter*, 2017-Ohio-89.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104077**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JOHN C. LEDBETTER

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-594924-A

**BEFORE:** Celebrezze, J., E.T. Gallagher, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** January 12, 2017

**ATTORNEY FOR APPELLANT**

Joseph V. Pagano
P.O. Box 16869
Rocky River, Ohio 44116


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:    Lon'Cherie' Billingsley
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

**{¶1}** Appellant, John C. Ledbetter, appeals his sentences for drug trafficking, possession of criminal tools, and child endangerment arguing they are contrary to law and the court erred in imposing fines and costs. After a thorough review of the record and law, this court affirms.

## I.  Factual and Procedural History

**{¶2}** Cleveland police officers from the first district police station noticed activity indicative of drug trafficking at a house across the street from the police station. Officers conducted surveillance from the roof of the police station and then arranged a controlled buy of oxycodone from appellant at the house. Police then executed a search warrant and discovered a large amount of oxycodone, marijuana, guns, and money in various locations throughout the home. Also present in the home at the time of the buy and search was a 12-year-old child. Appellant and his fiancée were then arrested.

**{¶3}** On the day of trial, appellant agreed to accept a plea deal offered by the state. The plea agreement called for appellant to enter guilty pleas to one count of drug trafficking, a fourth-degree felony violation of R.C. 2925.03(A)(1); drug trafficking, a second-degree felony violation of R.C. 2925.03(A)(2) with juvenile and firearm specifications; drug trafficking, a fourth-degree felony violation of R.C. 2925.03(A)(2); possession of criminal tools, a fifth-degree felony violation of R.C. 2923.24(A); and child endangerment, a first-degree misdemeanor violation of R.C. 2919.22(A). As part of the agreement, appellant was required to forfeit two cell phones, money, four guns, and

ammunition.

{¶4} After the state and the court explained that there would be a minimum prison term of at least three years, appellant requested additional time to consider the deal. The court granted appellant a recess to consult with his attorney. After recess, appellant indicated he wished to move forward with the plea deal.

{¶5} The court then engaged appellant in a thorough plea colloquy where it explained appellant's rights pursuant to Crim.R. 11. The court accepted appellant's guilty pleas, and set the matter for sentencing after ordering a presentence investigation report and court supervised release eligibility report.

{¶6} A sentencing hearing commenced on September 10, 2015. There, the court heard arguments on the merger of allied offenses and determined that each count of drug trafficking should merge. The state elected to have appellant sentenced on the second-degree felony count. Appellant asked the court for the minimum sanction of three years imprisonment and to suspend the costs and fines due to his indigency. The court imposed a four-year prison sentence consisting of a three-year sentence for drug trafficking to be served consecutive to the one-year firearm specification. The court also imposed a mandatory $7,500 fine and court costs.

{¶7} Appellant then filed the instant appeal assigning two errors for review:

I. The trial court erred by imposing a greater than minimum sentence and the four year aggregate prison sentence is contrary to law.

II. The trial court erred by imposing fines and costs in violation of appellant's Fifth and Sixth Amendment rights because appellant is indigent.

## II. Law and Analysis

### A. Length of Sentence

**{¶8}** R.C. 2953.08 dictates the scope of appellate sentencing review. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Id.* at ¶ 1. The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

**{¶9}** R.C. 2953.08(G)(2) provides,

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

**{¶10}** Clear and convincing evidence "is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in

the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Marcum* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

**{¶11}** Further, a trial court does not need to make any specific findings regarding the factors set forth in R.C. 2929.11 and 2929.12. *State v. Karlowicz*, 8th Dist. Cuyahoga No. 102832, 2016-Ohio-925, ¶ 12, citing *State v. Kronenberg*, 8th Dist. Cuyahoga No. 101403, 2015-Ohio-1020, ¶ 27. A sentence cannot be contrary to law simply because a defendant disagrees with the way in which the trial court weighed those factors and how the court applied them in crafting a sentence. As long as a trial court considered the required factors, the sentence is not contrary to law in this regard, and the appellate inquiry ends. *State v. Ongert*, 8th Dist. Cuyahoga No. 103208, 2016-Ohio-1543, ¶ 12.

**{¶12}** When imposing sentence, the following exchange occurred between the court and appellant:

> THE COURT: The overall purpose is to punish the offender and protect the public from future crime by the offender and others using the minimum sanctions that the Court determines accomplishes those purposes without imposing an unnecessary burden on [s]tate or local [g]overnment resources.
>
> The Court must, and I have considered the need for incapacitation, deterrence, rehabilitation, and restitution. I'm trying to fashion a sentence that's fair to you, but doesn't demean the seriousness of your conduct and its impact on the citizens of this county here.
>
> So here's what I find important: Under 2929.12(B), this was organized drug sales over a few months as you've stated, that culminated with a search warrant being served and this crime uncovered on April 8th of

this year.

Indicators your conduct is less serious, under 2929.12(C), you do suffer from a bipolar condition and you do have, I believe, legitimate pain issues for which you take medication and you also take psych meds; but, here, you've indicated that the only thing that alleviated your pain or alleviated it best was marijuana, correct?

[APPELLANT]: Correct.

THE COURT: Marijuana is legal in certain States in the country? Yes?

[APPELLANT]: Yes, sir.

THE COURT: You're on SSI, your co-defendant is getting benefits. You could have gone anywhere in the country and lived legally, right?

[APPELLANT]: Yes, sir.

THE COURT: Instead you chose to stay in this community, do something illegal with a child and a gun right across from the police station. Could you have been anymore bold and in your face about ignoring the law?

[APPELLANT]: Your Honor, I am remorseful and I apologize for my behavior.

THE COURT: You could have gone somewhere and accomplished a part of your pain relief legally.

[APPELLANT]: If I could do it again, I would just cessate [sic] all activity regarding drugs completely.

THE COURT: You know, at the present time, Oxycodone is an opiate. We have an officer for Cleveland, an officer for the county, and all they do is they go out to heroin or opiate overdose death scenes and then try and build a case against the person that sold. You were a person that was selling; do you understand?

[APPELLANT]: I do.

THE COURT: All right. Indicators you are more likely to reoffend, under 2929.12(D), you had one prior drug abuse, and I think it was back in '94, so that's the only indicator that you would be engaged in such — in any criminal conduct. Positive things I could say for you, under 2929.12(E), you admit your involvement, you've been going to your AA meetings. You've done well on court-supervised release. You have a lot of people who have written letters and are supportive of you here in person today. You were getting your college degree. So the conduct here doesn't square up with your potential, and that's the sad part of many of our cases.

So in this matter, on Count 2, drug trafficking with a juvenile spec, forfeitures, and a one-year firearm spec, the Court is imposing a sentence of four years. That's one year for the firearm, mandatory, to be served prior to and consecutive to three years for the rather flagrant and blatant drug trafficking. So four years on Count 2. For Count 7, the possession of criminal tools, 12 months also at LCI. That will be concurrent. For the misdemeanor, the endangering children, six months in the county jail, that's concurrent.

For Count 2, I am imposing a mandatory minimum fine of $7,500 plus Court costs. If you're unable to pay the court costs, in the future you may be required to do court community work service. Is that clear?

[APPELLANT]: Yes, Your Honor.

* * *

THE COURT: I did take into consideration the positive things that were said about you, and really there were a lot of accolades, but this was wrong.

{¶13} The trial court clearly considered the required factors under R.C. 2929.11 and 2929.12. The court crafted a sentence commensurate with appellant's crime. The court imposed a three-year prison sentence, one year more than the minimum for selling opiates in the presence of a child, across the street from a police station, in the midst of an opioid epidemic. The findings and considerations made by the court are supported in the

record and are not clearly and convincingly contrary to law. Therefore, the court's three-year sentence for drug trafficking is affirmed. This court's review of sentencing determinations does not include a reweighing of the factors the court considered. A sentence is only contrary to law if the court makes certain findings that are clearly and convincingly not supported by the record. Here, that is not the case. Appellant's first assignment of error is overruled.

## B. Imposition of Fines and Costs

{¶14} Appellant also argues the court erred when it imposed a $7,500 fine and court costs when appellant was indigent.

{¶15} A trial court has discretion when imposing financial sanctions on a defendant, even an indigent one. An appellate court will review the trial court's decision for an abuse of that discretion. *State v. Schneider*, 8th Dist. Cuyahoga No. 96953, 2012-Ohio-1740, ¶ 9, citing *State v. Weyand*, 7th Dist. Columbiana No. 07-CO-40, 2008-Ohio-6360, ¶ 7. An abuse of discretion implies an arbitrary, unreasonable, or unconscionable attitude on the part of the trial court. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶16} R.C. 2947.23 provides for the mandatory imposition of court costs, but gives the court the discretion to waive, suspend, or modify payment of costs. R.C. 2947.23(C). R.C. 2925.03(D)(1) provides for the imposition of a mandatory fine for a drug trafficking conviction. "If the violation of division (A) of this section is a felony of * * * second * * * degree, the court shall impose upon the offender the mandatory fine

specified for the offense under division (B)(1) of section 2929.18 of the Revised Code unless, as specified in that division, the court determines that the offender is indigent." R.C. 2929.18 provides for discretion in the imposition of financial sanctions as a part of the sentence:

> [T]he sentencing court shall impose upon the offender a mandatory fine of at least one-half of, but not more than, the maximum statutory fine amount authorized for the level of the offense pursuant to division (A)(3) of this section [$7,500]. If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender.

R.C. 2929.18(B)(1).

{¶17} Appellant did not file an affidavit of indigency regarding the payment of fines and costs prior to sentencing. R.C. 2929.18 mandates that a sentencing court shall impose "a mandatory fine upon an offender unless (1) the offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine, and (2) the court determines that the offender is in fact an indigent person and is unable to pay the mandatory fine." *State v. Gipson*, 80 Ohio St.3d 626, 631, 687 N.E.2d 750 (1998).

{¶18} Appellant points to the finding that he was indigent for purposes of

appointment of counsel. However, that determination is qualitatively different than a finding that a person does not have the present or future ability to pay a fine or court costs. A finding of indigency for the purposes of being provided with counsel is a narrow examination of the resources a person has at that time to be able to hire an attorney. The considerations for indigency for representation do not examine a person's future ability to hire an attorney. The determination of indigency for purposes of the payment of fines and costs are therefore different. Fines and costs constitute a debt that continues into the future whereby a person can make payments over time or work off the debt through community work service. Considerations of a future ability to do community work service or to make payments are necessary and unique to the court's inquiry for the payments of fines and costs. This is why a finding of indigency for purposes of appointment of counsel is not sufficient to warrant a waiver of costs and fines at sentencing. *State v. Simpson*, 8th Dist. Cuyahoga No. 101088, 2014-Ohio-4580, ¶ 20.

{¶19} Defendants must file an affidavit of indigency addressing their present and future ability to pay in order for the court to waive fines and costs. *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, ¶ 12. Appellant's failure to address these issues severely weakens his assigned error. The court heard that appellant was a high school graduate who was close to obtaining a post-secondary degree. Appellant admitted he engaged in a period of selling drugs for at least six months and was found with a large quantity of cash on hand. Appellant offered nothing to indicate he had a future inability to pay the fine and costs after being released from prison. Therefore, the

trial court did not abuse its discretion in imposing mandatory fines and costs. This assignment of error is overruled.

## III. Conclusion

{¶20} This court's review of sentences does not include separately weighing the factors the trial court considered in arriving at its sentence. It is only when those factors considered are not supported in the record does R.C. 2953.08 allow for a finding that a sentence is contrary to law. Here, the court's sentence is not contrary to law. The court's decision to impose fines and costs where appellant failed to file the necessary affidavit prior to sentencing also means the court did not abuse its discretion when it imposed a mandatory fine and costs.

{¶21} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

EILEEN T. GALLAGHER, P.J., and
ANITA LASTER MAYS, J., CONCUR